THE STATE, EX REL. SEIGLER, APPELLEE, *v.* RONE, JUDGE, APPELLANT.

[Cite as State, ex rel. Seigler, v. Rone (1975), 42 Ohio St. 2d 361.]

(No. 74-1044—Decided May 28, 1975.)

*Mr. Robert H. Mihlbaugh,* for appellee.
*Mr. William E. Huber,* for appellant.

*Per Curiam.* Equal protection dictates that the state must provide indigent criminal defendants "* * * with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt* v. *North*

362

*Carolina* (1971), 404 U. S. 226, 227. See, also, *Mayer* v. *Chicago* (1971), 404 U. S. 189; *Draper* v. *Washington* (1963), 372 U. S. 487; *Griffin* v. *Illinois* (1956), 351 U. S. 12; *State* v. *Arrington* (1975), 42 Ohio St. 2d 114, 326 N. E. 2d 667. Appellant disputes both the indigency of appellee and his need for a complete transcript of testimony.

Appellant asserts in his Proposition of Law No. 1 that ''a defendant in a criminal case whose legal fees are being paid by a relative is not indigent to the extent that a transcript of trial proceedings should be furnished to him at public expense.'' This assertion of nonindigency is based on the fact that appellee's brother provided the funds for retaining both trial and appellate counsel. However, this fact is immaterial. Here, we are concerned with appellee's ability to secure a transcript, not his brother's; a criminal defendant's brother has no legal duty to provide the accused with the monetary means to prosecute an appeal.

Appellant specifically determined, in response to appellee's motion for a transcript, that appellee was indigent. The record does not disclose any new evidence relevant to the issue of indigency. Therefore, appellant's original determination of indigency must stand. Since none of appellee's relatives volunteered to purchase a transcript for him, the expense of providing a transcript, if one is needed, must be borne by the public.

*Britt* v. *North Carolina, supra* (404 U. S., at 227), identifies the two factors which must be considered in determining whether an indigent criminal defendant needs a transcript for an effective defense or appeal:

''* * * (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.''

The substantial value of a complete written transcript of the testimony at appellee's trial is unquestionably clear in this case. Counsel representing appellee on his criminal appeal was not appellee's trial attorney. Appellee's petition for mandamus alleged that the appellate counsel ''* * *

is completely unfamiliar with what transpired at the trial'' and that ''counsel needs a full and complete transcript in order to represent the rights of the defendant [appellee] on appeal.'' Appellant has not disputed these allegations.

Appellant has questioned, however, appellee's need for a complete written transcript of the trial testimony. This testimony was preserved by means of electronic audio recordation.[2] Appellant argues that since appellee's counsel does not know if any prejudicial error was committed at the criminal trial, he must first review the tapes to determine if a written transcript is necessary for an appeal. Rewording this argument in light of the *Britt* case, appellant is asserting that the audio tapes of the trial are available to appellee's counsel and that they would fulfill the same function as a written transcript. We disagree. Under present rules, the untranscribed audio tapes could not be submitted as part of the record on appeal.[3] Therefore, in a criminal appeal, audio tapes are not a proper substitute for a written transcript of the trial testimony.

---

[2] This is a recognized method of preserving trial proceedings in Ohio. Sup. R. 10 (33 Ohio St. 2d, xvii); M. C. Sup. R. 8 (A) (40 Ohio St. 2d xxxvii, at xli).

[3] Sup. R. 10 provides, in part:

"Proceedings before any court, proceedings before a grand jury, and discovery proceedings may be recorded by stenographic means, by phonogramic means, by photographic means, by the use of audio electronic recording devices, or by the use of video recording systems.

"Proceedings in any court which are recorded on videotape need not be transcribed into written form for the purposes of appeal. The videotape recording constitutes the transcript of proceedings as defined in App. R. 9 (A) and Sup. R. 15 (H) 3."

This language indicates that proceedings which are recorded in a medium other than videotape must be transcribed into written form for purposes of appeal.

M. C. Sup. R. 8 (B) expressly provides, in part, that:

"A videotape recording constitutes the transcript of proceedings as defined in Appellate Rule 9 (A) and such transcript need not be transcribed into written form for the purposes of appeal. Transcripts of proceedings in media other than videotape must be transcribed into written form in their entirety."

364

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

