THE STATE, EX REL. DILLARD ET AL., APPELLEES, *v.* DUNCAN, JUDGE, ET AL., APPELLANTS.

[Cite as State, ex rel. Dillard, v. Duncan (1976), 45 Ohio St. 2d 134.]

(No. 75-1028—Decided February 18, 1976.)

*Mr. John W. Kessler,* for appellees.

*Mr. James W. Drake,* city attorney, and *Mr. H. Donald Hawkins,* for appellants.

*Per Curiam.* Counsel for appellants argue that indigent criminal appellants should not be furnished trial transcripts at public expense, unless (1) "need" is demonstrated and (2) the order to provide the transcript "indicates who, or what fund, is to be the source for paying the court reporter for this work, and describes an effective procedure for collecting such payment."

The first assertion must be rejected because it places the burden of proving "need" on the wrong party. Paragraph two of the syllabus in *State* v. *Arrington* (1975), 42 Ohio St. 2d 114, recognizes that "[t]he burden is on the state to show that a transcript of prior proceedings requested by an indigent defendant is not needed for an effective defense or appeal," and paragraph four of the *Arrington* syllabus states: "[o]rdinarily it is assumed that a transcript * * * would be valuable to a defendant without requiring a showing of need tailored to facts of the particular case." See *Britt* v. *North Carolina* (1971), 404 U. S. 226, 228, 230.

The second assertion appears to be a corollary to the suggestion that an indigent is bound by App. R. 9(B) to "arrange for" the payment of those who produce transcripts. Appellants have neither cited adequate authority for such premises nor shown the propriety of such an inquiry in the context of a mandamus proceeding.

Appellants' assertions must be rejected for the additional reason that to adopt them would create added burdens for indigents and impose further obstacles along the appellate path, which would directly violate the principle of *Griffin* v. *Illinois* (1956), 351 U. S. 12, and its progeny,*

*See, *e. g., State* v. *Sims* (1971), 27 Ohio St. 2d 79, and the federal cases reviewed therein.

136

that indigent defendants may not be priced out of ''* * * as effective an appeal as would be available to others able to pay their own way. * * * The state's fiscal interest is, therefore, irrelevant,'' (*Mayer* v. *Chicago* [1971], 404 U. S. 189, 197) and cannot be asserted to further infringe the rights of the disaffected.

''* * * [T]he state's long-term interest would not appear to lie in making access to appellate processes from even its most inferior courts depend upon the defendant's ability to pay. It has been aptly said:

'' '[F]ew citizens ever have contact with the higher courts. In the main, it is the police and the lower court Bench and Bar that convey the essence of our democracy to the people.

'' 'Justice, if it can be measured, must be measured, by the experience the average citizen has with the police and the lower courts.'

''Arbitrary denial of appellate review of proceedings of the state's lowest trial courts may save the state some dollars and cents, but only at the substantial risk of generating frustration and hostility toward its courts among the most numerous consumers of justice.'' *Mayer* v. *Chicago, supra,* at pages 197-198.

The Court of Appeals properly exercised its jurisdiction in mandamus to compel appellants to furnish transcripts or other adequate alternative record of the proceedings to indigent criminal appellants (*State, ex rel. Seigler,* v. *Rone* [1975], 42 Ohio St. 2d 361; *State, ex rel. Wright,* v *Cohen* [1962], 174 Ohio St. 47), and its judgment is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.