THE STATE, EX REL. SERSICH, *v.*
CITY OF WARREN ET AL.

(No. 3052—Decided March 31, 1982.)

*Mr. David Hazelkorn,* for relator.

*Mr. Daniel N. Gerin,* for respondents.

HOFSTETTER, P.J. The relator filed an amended complaint in mandamus to compel the respondents to prepare and file a transcript of the proceedings in the case of *City* v. *Sersich* (Warren M. C. No. 80 CRB 2263) now on appeal to the Eleventh District Court of Appeals for Trumbull County under case No. 2995.

An answer and "Stipulation" and "Additional Stipulations" bring the matter to issue.

The stipulations are as follows:

"1. All proceedings of the case *City* v. *Sersich* (Warren Mun., 80 CRB 2263) were recorded by a mechanical or electronic recording device pursuant to Criminal Rule 22.

"2. No court reporter was present at any of the proceedings to record them in shorthand or stenotype.

"3. The court reporter who has been requested to transcribe the record of said proceedings into written form, pursuant to Appellate Rule 9(A), will not transcribe and file the record unless either paid in advance or guaranteed payment.

"4. LEO SERSICH has filed an affidavit of indigency and the CITY OF WARREN has no evidence that LEO SERSICH is not indigent.

"5. On December 18, 1980, LEO SERSICH was tried and convicted in Warren Municipal Court on two charges of Criminal Damaging or Endangering—a second degree misdemeanor—in violation of Warren Municipal Ordinance 541.03. (*City* v. *Sersich,* 80 CRB 2863 [*sic*]).

"6. The Eleventh District Court of Appeals granted LEO SERSICH leave to file a late appeal of his conviction in the Municipal Court case *City* v. *Sersich* (80 CRB 2263).

"7. Said appeal was filed in the Eleventh District Court of Appeals of Ohio for Trumbull County. It bears case number 2995.

"8. At the time the notice of appeal was filed, LEO SERSICH, pursuant to Appellate Rule 9(B), ordered a complete transcript of all proceedings, including arraignments, trial, and sentencing.

"9. On September 10, 1981, the WARREN MUNICIPAL COURT, through its clerk, transmitted the record of *City* v. *Sersich* (80 CRB 2263) to the clerk of the Court of Appeals.

"10. Said record did not include transcripts of any proceedings held in *City* v. *Sersich* (80 CRB 2263).

"11. On November 10, 1981, LEO SERSICH filed an action in mandamus against the WARREN MUNICIPAL COURT and the CITY OF WARREN, OHIO. *State, ex rel. Sersich* v. *Warren Municipal Court, et al.* (C. A. 3052).

"12. Said mandamus action, filed in the Eleventh District Court of Appeals of Ohio for Trumbull County, was to compel the preparation and transmission of the transcript of proceedings of Warren Municipal Court case *City* v. *Sersich* (80 CRB 2263). It further requests that said transcripts to [*sic*] be transmitted to the Court of Appeals for use in the appeal *City* v. *Sersich* (2995).

"13. [Item 13 was deleted by agreement of the parties.]

"14. It is not possible to prepare an agreed statement of the record on appeal or a statement of the evidence and proceedings pursuant to Appellate Rules 9(C) & (D). LEO SERSICH was not represented by counsel at trial. The attorney for the CITY OF WARREN, William B. Jobe, no longer represents it. He is now Judge of the Warren Municipal Court.

"15. The CITY OF WARREN does not have a contract with Trumbull County or any other third-party for the payments or preparation of transcripts for indigents."

The opinion by then Chief Justice C. William O'Neill and syllabus by the court in *State* v. *Arrington* (1975), 42 Ohio St. 2d 114 [32 O.O.2d 46], which will not be repeated here, but which should be read *in toto*, is, in our opinion, also controlling in the instant case. That case arose, however, from the trial court's denial of a motion asking that the state provide an indigent defendant with a transcript of *prior* proceedings (preliminary hearing) when that transcript is needed for an effective defense. The first three paragraphs of the syllabus, however, clearly reveal the Supreme Court required that the state, in a criminal case, must provide an indigent defendant with a transcript of proceedings when that transcript of proceedings is needed for an effective defense *or appeal.*

The only distinguishing characteristic of the case at bar is that the criminal acts of which defendant relator was convicted were violations of municipal ordinances. We hold that the rationale of *Arrington* is equally applicable to municipalities when criminal charges are brought under municipal ordinances.

Two other Supreme Court of Ohio cases, brought as actions of mandamus, are compelling, and should, in our opinion, be followed.

The first, *State, ex rel. Seigler,* v. *Rone* (1975), 42 Ohio St. 2d 361 [71 O.O.2d 328], was a mandamus proceeding to compel the trial judge to furnish the transcript of trial testimony to an indigent defendant for purpose of appeal. The Supreme Court, in affirming the court of appeals, held, essentially, that the expense of the transcript of tapes must be borne by the public and that the existence of untranscribed audio tapes of trial was not a satisfactory alternative. In the case at bar, as in *Seigler, supra,* the substantial value of a complete written transcript of the testimony at the defendant-relator's trial is unquestionably clear. No counsel represented Sersich at trial, and the attorney for the city no longer

represents the city, but is now a trial judge of the same municipal court. Thus, appellate counsel (indeed, also the prosecution) is completely unfamiliar with what transpired at the trial.

*State, ex rel. Dillard,* v. *Duncan* (1976), 45 Ohio St. 2d 134 [74 O.O.2d 255], is also on point. The criminal appellants in misdemeanor cases brought an action in mandamus for a writ to compel their respective trial judges to order preparation of transcripts at public expense. The Supreme Court held that the court of appeals properly exercised its jurisdiction in mandamus to compel the judges to furnish transcripts or other adequate alternative record of the proceedings to indigent criminal appellants. In the case at bar, according to the stipulations, and as referred to above, no adequate alternatives are available.

The individual judges were the respondents in each of *Seigler* and *Dillard.* The individual judge in the instant case has not been named, and is not available from the stipulations before us. We hold this to be of no significant consequence. Mandamus, as requested, is granted as to the Warren Municipal Court. It is ordered, as to Warren Municipal Court case No. 80 CRB 2263, that it provide the necessary transcript, in behalf of the relator, and said transcript shall be filed in the Trumbull County Court of Appeals case No. 2995 by said Warren Municipal Court no later than March 31, 1982.

Within the language of the *per curiam* opinion in *Dillard, supra,* it is stated that the assertion that an order to provide a transcript must indicate who, or what fund, is to be the source for paying the court reporter must be rejected on the premise this "would create added burdens for indigents and impose further obstacles along the appellate path." *Id.* at 135.

We find no direct duty on the part of the respondent city of Warren to provide the transcript requested to relator; hence

the writ of mandamus as to the city is denied.

The complainant, in his amended complaint, also sought recovery for costs, attorney fees, and such other further relief as may be appropriate. As no stipulations were directed to attorney fees or other relief, those requests are denied. Costs, on the other hand, shall be borne by the respondent Warren Municipal Court.

It is so ordered.

*Judgment accordingly.*

COOK and DAHLING, JJ., concur.