CINCINNATI METROPOLITAN HOUSING AUTHORITY, Appellee,

v.

MORGAN, Appellant.

[Cite as *Cincinnati Metro. Hous. Auth. v. Morgan,*
155 Ohio App.3d 189, 2003-Ohio-5671.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030078.

Decided Oct. 24, 2003.

Joy E. Gazaway, for appellee.

Legal Aid Society of Greater Cincinnati, Marcheta L. Gillam and Elizabeth A. Mulcahy, for appellant.

Per Curiam.

{¶ 1} Defendant-appellant Cassandra Morgan appeals from the judgment of the Hamilton County Municipal Court issuing a writ of restitution to plaintiff-appellee Cincinnati Metropolitan Housing Authority ("CMHA"). She raises two assignments of error for our review. Because we find merit in the first assignment of error, we reverse the trial court's judgment.

{¶ 2} Morgan is a tenant in CMHA housing. In July 2002, Morgan failed to timely pay her rent to CMHA by the seventh calendar day of the month. On July 17, 2002, CMHA served Morgan with a notice to terminate her lease. On August 1, 2002, Morgan was served with a three-day notice to leave the premises. CMHA subsequently filed a complaint for forcible entry and detainer and for money damages in the Hamilton County Municipal Court. Paragraph 5 of the complaint provided that "[a] copy of the defendant's lease or account is not attached to this complaint because plaintiff has already provided a copy of the lease to defendant(s) and Plaintiff provides account statements monthly and upon request."

{¶ 3} On September 12, 2002, an eviction hearing was held before a magistrate. Morgan appeared pro se at that hearing. During the hearing, CMHA presented testimony from its rental agent. The agent stated that Morgan had failed to pay her rent and that she had served Morgan with both the 14-day notice of termination of lease and the three-day notice to leave premises. The agent stated that she placed the three-day notice "on the door" of Morgan's apartment. The agent additionally stated that Morgan had been on a seventh-day agreement at the time she missed her rental payment; that Morgan was still behind on her rental payment; and that she had not accepted any rent payments from Morgan after serving the notices. The agent stated that Morgan was still residing in the apartment and that CMHA still wanted her to leave the premises. At no time during the hearing did CMHA provide the court with a copy of the lease, a copy of the seventh-day agreement, or copies of the requisite notices to terminate the lease or to vacate the premises.

{¶ 4} After the rental agent finished her testimony, the magistrate examined Morgan. The magistrate asked Morgan whether there was anything that she "would like to tell * * *[the court]." Morgan stated that she was on a seventh-day rental agreement with CMHA, whereby she could pay her rent only in person at the rental office. Morgan acknowledged that under the terms of the agreement, her rent was due on the seventh day of each calendar month. Morgan testified that in July 2002, her mother, who was her only source of income, tried to pay Morgan's rent after her work shift on Friday, July 5, but that the rental office was closed by the time she arrived. Morgan further testified and CMHA's counsel acknowledged that the rental office was closed on the weekends. Morgan stated that she and her mother had tried to pay her rent the following Monday, July 8, but that the rental office had refused her payment. When questioned by the magistrate, Morgan acknowledged that she knew that she had to get her rent payment in early when the seventh day fell on the weekend. The magistrate found that Morgan's justification that her mother did not get paid until July 5 did not excuse her failure to pay rent by the seventh of

the month. As a result, the magistrate granted CMHA the writ of restitution and explained to Morgan that she had ten days to leave the premises or she would be set out pursuant to the writ. The magistrate then stated that she was continuing the second count of the complaint in which CMHA sought to recover the unpaid rent so that Morgan could file an answer.

{¶ 5} Prior to the execution of the writ, Morgan obtained legal counsel, and the trial court stayed the writ pending further order. Morgan then moved to vacate the magistrate's decision. The trial court, after reviewing the transcript of proceedings before the magistrate, several briefs, and the oral arguments of Morgan and CMHA, adopted the magistrate's recommendation and reissued the writ of restitution. Morgan now raises two assignments of error for our review.[1]

{¶ 6} In her first assignment of error, Morgan contends that the trial court erred in failing to dismiss CMHA's complaint for lack of jurisdiction. Morgan asserts that because CMHA failed properly to serve her with notice under R.C. 1923.04(A), the trial court lacked subject-matter jurisdiction over CMHA's complaint.

{¶ 7} CMHA contends that because Morgan did not raise this issue below, she has waived any error on appeal. We disagree. Jurisdictional errors are not subject to the waiver doctrine and may thus be raised for the first time on appeal.[2]

{¶ 8} CMHA also asserts that Morgan's argument is unsupported by the record. CMHA contends that because the rental agent testified at the magistrate's hearing that she had placed the three-day notice under Morgan's apartment door, notice was properly served under R.C. 1923.04(A). In support of its argument, CMHA relies upon the audiotape of the magistrate's hearing. CMHA contends that, through no fault of its own, the court reporter incorrectly transcribed the words "under the door" as "on the door." While CMHA may be correct, our review is limited to the transcript of the proceedings.[3] App.R. 9(A) requires that "[p]roceedings recorded by means other than videotape must be transcribed into written form" for purposes of review. Furthermore, CMHA has made no attempt to correct this error in the transcript. Having disposed of CMHA's arguments, we now turn to the merits of Morgan's argument.

---

1. Execution of the writ has been stayed pending the outcome of Morgan's appeal.

2. See, e.g., *State v. Wilson* (1995), 73 Ohio St.3d 40, 46, 652 N.E.2d 196.

3. See, e.g., *State ex rel. Seigler v. Rone* (1975), 42 Ohio St.2d 361, 71 O.O.2d 328, 328 N.E.2d 811.

{¶ 9} R.C. 1923.04 requires a landlord to give a tenant a three-day notice to leave the premises. After the expiration of the three-day period, the landlord may then commence an action in forcible entry and detainer. R.C. 1923.04(A) specifies the contents and method of service of the three-day notice. The statute provides the following:

{¶ 10} "(A) Except as provided in division (B) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted."

{¶ 11} Ohio courts have held that proper service of an R.C. 1923.04(A) notice to leave the premises is a statutory prerequisite to filing an action in forcible entry and detainer.[4] When a landlord fails to perfect service in a forcible-entry-and-detainer action under R.C. 1923.04(A), the trial court has no subject-matter jurisdiction to consider the case, and the case must be dismissed.[5] In *Sanders v. Favors*, this court held that placing the notice through the mail slot of a tenant's residence was sufficient to satisfy the notice requirements under R.C. 1923.04(A) because the notice went into the residence.[6] In *Greene v. Lindsey*, the United States Supreme Court held that service of process in eviction actions by posting the notice on the tenant's door "does not satisfy minimum standards of due process."[7] The court held that merely posting the notice can result in a failure to provide actual notice to the tenant concerned because such notices can be removed by children or other tenants before they can have their intended effect.[8]

{¶ 12} Having determined that CMHA failed to present any evidence that it had served Morgan with the three-day notice by placing it under her door, we must next decide whether CMHA's posting of the three-day notice on the outside of Morgan's apartment door satisfied the service requirements under

---

4. *Gvozdanovic v. Woodford Corp.* (2000), 139 Ohio App.3d 11, 30, 742 N.E.2d 1145.

5. See *Associated Estates Corp. v. Bartell* (1985), 24 Ohio App.3d 6, 9, 24 OBR 28, 492 N.E.2d 841; *Voyager Village, Ltd. v. Williams* (1982), 3 Ohio App.3d 288, 290, 3 OBR 333, 444 N.E.2d 1337.

6. (Dec. 29, 1995), 1st Dist. No. C–950304, 1995 WL 763681.

7. (1982), 456 U.S. 444, 453, 102 S.Ct. 1874, 72 L.Ed.2d 249.

8. Id. at 453–454, 102 S.Ct. 1874, 72 L.Ed.2d 249.

R.C. 1923.04. We hold that CMHA's posting of the three-day notice on the outside of her apartment door was insufficient under R.C. 1923.04. In doing so, we rely on our prior holding in *Sanders,* as well as on the United States Supreme Court's decision in *Greene.*[9] Consequently, a landlord who chooses to serve a three-day notice to vacate the premises under R.C. 1923.04(A) "by leaving it at [the tenant's] usual place of abode or at the premises from which the [tenant] is sought to be evicted" must place the notice through the mail slot on the tenant's door[10] or under the door.[11] Such service ensures that the tenant actually receives the notice. In this case, because CMHA did not properly serve the notice to leave the premises on Morgan, the trial court was without jurisdiction to entertain CMHA's forcible-entry-and-detainer action, and it should have been dismissed. Consequently, we sustain Morgan's first assignment of error.

{¶ 13} Although our disposition of Morgan's first assignment of error renders moot her second assignment of error, we nonetheless deem it appropriate to discuss two arguments advanced by Morgan under her second assignment. First, we note that when a landlord such as CMHA seeks to evict a tenant based on the terms of a lease agreement, the landlord should at the very least provide the trial court with a copy of the lease. Also, the magistrate, as a courtesy to the tenant, should make clear to the tenant, if he or she is acting pro se, that he or she has a right to cross-examine the opposing party. Because we have determined that the trial court was without jurisdiction to entertain CMHA's forcible-entry-and-detainer action, we reverse the judgment of the trial court and remand this case for further proceedings consistent with the law and this decision.

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., HILDEBRANDT and PAINTER, JJ., concur.

---

9. Id.

10. See *Sanders,* supra.

11. See *D.C. Hughes Mgt. Co. v. Bey* (June 29, 1978), 8th Dist. No. 37581.