[Cite as *Mentor v. Meyers*, 2014-Ohio-2011.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF MENTOR, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-141** |
| ROBERT A. MEYERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Mentor Municipal Court, Case No. 12 CRB 1396.

Judgment: Affirmed.

*Lisa M. Klammer*, Mentor City Prosecutor, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Robert A. Meyers*, pro se, 4874 Wake Robin Road, Mentor, OH 44060 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Robert A. Meyers, pro se, appeals from the judgment of the Mentor Municipal Court finding him guilty of disorderly conduct, a minor misdemeanor, in violation of Mentor Code of Ordinances 509.03(a)(1). For the reasons that follow, we affirm.

{¶2} On August 19, 2012, police responded to the home of Erin and Matthew Pawlak, appellants' neighbors, on Wake Robin Road in Mentor, Ohio. The Pawlaks had called the police because appellant, who appeared intoxicated, was shouting

profanities, directed at Mr. Pawlak, from appellant's own driveway. Appellant's conduct was recorded by the Pawlaks' surveillance system. According to the Pawlaks, the system was installed due to appellant's past erratic behavior.

{¶3} The testimony revealed that upon responding to the Pawlaks' home, Officer Danzey from the Mentor Police Department reviewed the surveillance camera footage. Officer Danzey located appellant in his backyard swimming pool and spoke to him about the incident. Officer Danzey testified that appellant denied being drunk, even though he was slurring his words and appeared confused.

{¶4} On September 10, 2012, appellee, the city of Mentor, charged appellant with one count of disorderly conduct for the events that occurred on August 19, 2012. Appellant pled not guilty to the charge on September 19, 2012.

{¶5} On October 2, 2012, appellant filed a discovery request seeking any "pertinent exculpatory evidence/information." Among the items included in appellant's discovery request was "video/audio from within the patrol/police cars of any/all officers involved on said date/time" and "any/all video/audio recordings possessed by the Complainant (Matthew Pawlak) of the alleged incident." On October 16, 2012, appellant filed a second discovery request that set forth requests identical to those included in his first request.

{¶6} On October 22, 2012, appellee filed a discovery response and request. In its response to appellant's discovery requests, appellee provided the names and addresses of its potential witnesses. Appellee also listed the evidence it sought to use in court against appellant. Appellee stated that the evidence was "open to inspection by the defendant."

{¶7}   On October 30, 2012, appellant filed a motion to compel discovery.  The motion alleged that the "City of Mentor Prosecutor has failed/refused to provide Defendant with a copy of ALL of the following requested existing non-exempt relevant and pertinent exculpatory evidence."  This motion to compel discovery repeated the same requests as those contained in appellant's October 2 and October 16, 2012 discovery requests.

{¶8}   On November 6, 2012, appellant filed several pleadings with the trial court, including a witness list for trial, a motion to demand jury trial, a motion for a bill of particulars, and a motion to stay proceedings.  Appellant sought to stay proceedings because of appellee's alleged failure to comply with discovery.  That same day, the trial court overruled appellant's motion to stay proceedings and his motion to demand jury trial.

{¶9}   The following day, November 7, 2012, appellee filed a bill of particulars.  The bill of particulars stated that appellant "recklessly caused inconvenience, annoyance, or alarm to another, namely, his neighbors * * *, and that he did so by engaging in fighting, threatening harm to persons or property or violent or turbulent behavior."  The bill of particulars further stated that appellant "was provided a copy of the police report at his pretrial hearing and was provided the opportunity to review the videotaped surveillance of [appellant's] conduct, providing him with all of the necessary information to assist in his defense."

{¶10} On November 13, 2012, appellant filed a "motion to order the clerk to provide subpoenas for service."  In his motion, appellant argues that his "Equal Protection procedural Due Process Rights to Access to the Courts and Law were

3

blatantly violated by the Mentor Municipal Court Clerk in violation of clearly established Ohio Court Rule and the Clerk's legal duty." Specifically, appellant alleged that the Municipal Court Clerk impeded his right to subpoena witnesses by stating that appellant needed to file a motion with the trial court judge to get subpoena forms.

{¶11} On November 20, 2012, appellant filed a "request under the public records act (Ohio FOIA) for non-exempt public records and public information." In his public records request, appellant sought numerous records regarding the Mentor Municipal Court. Included in his request were records of "any/all Civil Infractions issued by the Mentor Police Dept. and submitted to this Mentor Municipal Court to be prosecuted." Appellant also requested information detailing the amount of fines collected by the court.

{¶12} On November 26, 2012, appellant filed a second motion to compel discovery. Appellant's second motion to compel discovery made the same argument as his first motion to compel, which also contained the same requests as those in his two prior discovery requests.

{¶13} On November 29, 2012, appellant filed a motion to have counsel appointed. The next day, on November 30, 2012, the trial court overruled appellant's motion for appointment of counsel.

{¶14} A bench trial was held on December 3, 2012. At trial, appellee called Mr. and Mrs. Pawlak and Officer Danzey as witnesses. Appellant cross-examined appellee's witnesses but did not call any witnesses of his own. At the conclusion of the trial, appellant was found guilty and ordered to pay a fine of $50.00.

4

{¶15} Appellant timely appeals and sets forth nine assignments of error for our review.

{¶16} In his first assignment of error appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by denying [defendant]-appellant's motion for court appointed trial counsel."

{¶17} It is well settled in Ohio that an individual charged with a minor misdemeanor, who faces no possible jail time as a sentence, is not entitled to appointed counsel. *See Willard v. Wertz*, 6th Dist. Huron No. H-00-001, 2001 Ohio App. LEXIS 1762, *2-3 (Apr. 13, 2001). In this case, appellant was charged with disorderly conduct in violation of city of Mentor Ordinance 509.03(a)(1), which is a minor misdemeanor that is not punishable by any jail time. As such, the trial court did not err in denying appellant's motion for court-appointed counsel.

{¶18} Appellant's first assignment of error is without merit.

{¶19} In his second assignment of error, appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by denying [defendant]-appellant's motion for jury trial."

{¶20} The right to be tried by a jury does not apply to a violation of a statute or ordinance that is a minor misdemeanor. R.C. 2945.17. As discussed above, appellant was charged with disorderly conduct in violation of city of Mentor Ordinance 509.03(a)(1), a minor misdemeanor. For this reason, the trial court did not err by denying appellant's motion for jury trial.

{¶21} Accordingly, appellant's second assignment of error is without merit.

{¶22} In his third assignment of error, appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by denying [defendant]-appellant's motion to compel discovery." Specifically, appellant states he "was denied the Right to Discovery – A Copy of Police Report, Copy of Police Policies/Procedures, Copy of other Video/Audio Evidence, etc."

{¶23} Discovery in criminal matters is guided by Crim.R. 16, which states:

**(A) Purpose, scope and reciprocity.**

This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large. * * *

**(B) Discovery; Right to copy or photograph.**

Upon receipt of a written demand for discovery by the defendant, * * *, the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:

(1) Any written or recorded statement by the defendant or a co-defendant, including police summaries of such statements, and including grand jury testimony by either the defendant or co-defendant;

(2) Criminal records of the defendant, a co-defendant, and the record of prior convictions that could be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal;

(3) * * * [A]ll laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings, or places;

6

(4) * * *

(5) Any evidence favorable to the defendant and material to guilt or punishment;

(6) All reports from peace officers * * *;

(7) Any written or recorded statement by a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal.

{¶24} "'Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefitted the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect.'" *State v. Summers*, 11th Dist. Ashtabula No. 2011-A-0040, 2012-Ohio-4457, ¶28, quoting *State v. Joseph*, 73 Ohio St.3d 450, 458 (1995).

{¶25} Appellant filed motions for discovery on October 2, 2012, and October 16, 2012. Additionally, appellant filed motions to compel discovery on October 30, 2012, and November 26, 2012. Appellee responded to appellant's discovery request on October 22, 2012. Appellee's discovery response fully complied with Crim.R. 16. Appellee responded to appellant's request stating, "The City will use the following evidence which is open to inspection by the defendant: 1) Mentor Police Report including any and all witness statements; 2) Video surveillance from the Pawlak residence." The discovery response went on to state that "[appellant] has been given the opportunity to review his prior record" and that "[appellee] has disclosed all evidence favorable to [appellant] and material either to guilt or punishment."

{¶26} Appellant's argument under this assignment of error fails to show what evidence appellee failed to provide. Furthermore, appellant also fails to show how such

7

information would have benefited him.  Rather, a review of the record reveals that appellee turned over to appellant all the necessary evidence to defend himself against the charged conduct.

{¶27} Accordingly, appellant's third assignment of error is without merit.

{¶28} In his fourth assignment of error, appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by denying [defendant]-appellant's right to confrontation."  Likewise, in his fifth assignment of error, appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by denying [defendant]-appellant's right to present favorable witnesses."

{¶29} Under both his fourth and fifth assignments of error appellant asserts that he was denied the protections due to him under the Sixth and Fourteenth Amendments to the U.S. Constitution.  Specifically, appellant asserts he was denied his right to confront witnesses and present favorable witnesses when the trial court "denied [appellant's] pro se Motion to Order the Clerk to Provide Subpoenas for Service."  Appellant further states that he "fully advised the Trial Court weeks before trial that the Mentor Municipal Court Clerk refused to provide [appellant] with blank subpoena forms to be filled out by [appellant]; processed by the Clerk; and then served upon any/all witnesses."

{¶30} Appellant argues that he was denied his right "to confront witnesses against [him] in his defense" and "to present favorable witnesses in his defense."  However, appellant's brief does not present any statement of facts to explain how he was denied his right to be confronted by the witnesses against him or present witnesses in his defense.  Accordingly, appellant has failed to meet his burden of affirmatively

8

demonstrating error on appeal. *See* App.R. 16(A)(6). Moreover, our review of the record demonstrates that appellant vigorously cross-examined each of appellee's three witnesses. Appellant, in his brief, fails to identify any witnesses he was prevented from calling and how they would have aided in his defense.

{¶31} Appellant's fourth and fifth assignments of error are without merit.

{¶32} In his sixth assignment of error, appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by denying [defendant]-appellant's right to protected free speech."

{¶33} Appellant argues that his action of "swearing on [appellant's] private property when no one else was present" was protected speech. The Pawlaks' surveillance system recorded appellant yelling comments directed towards Mr. Pawlak. After police responded to the Pawlaks' home and reviewed the surveillance footage, appellant was arrested for disorderly conduct. At trial, appellant was convicted for violating Section 509.03 of the Codified Ordinances of the city of Mentor, which states, in pertinent part:

> (a) No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:
>
> (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]

{¶34} Appellant was not arrested solely due to the content of his speech, but rather because there were others to whom the conduct was likely to be offensive or to inconvenience, annoy, or alarm—namely, Mr. and Mrs. Pawlak. *See Mentor v. Lorenzo*, 11th Dist. Lake No. 12-148, 1988 Ohio App. LEXIS 1577 (Apr. 29, 1988).

9

**{¶35}** It is well settled that fighting words may be regulated by criminal statute, and their utterance may be constitutionally punished. *Cincinnati v. Karlan*, 39 Ohio St.2d 107, 109 (1974). Fighting words are those words which are likely by their very utterance to inflict injury or incite the average person to an immediate breach of the peace. *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942). Likewise, the Ohio Supreme Court has stated, "[w]here epithets, used in a public place and willfully directed at those who can hear them, are likely to provoke the average person to an immediate retaliatory breach of the peace, they are fighting words * * *." *Karlan, supra*, paragraph two of the syllabus.

**{¶36}** In determining whether the language in this case rose to the level of fighting words, we must look at the circumstances surrounding the statements. *State v. Presley*, 81 Ohio App.3d 721, 724 (12th Dist.1992), citing *Lewis v. New Orleans*, 415 U.S. 130 (1974). Appellant, while in his own front yard, made comments directed to Mr. Pawlak that consisted of the following statements: "go f - - - yourself," "f - - - you," and "you suck c - - -." Appellant made these comments repeatedly over a period of time in excess of 15 minutes. The trial court's determination that appellant's statements were likely to induce a reasonable person to an immediate breach of the peace is both reasonable and supported by the record.

**{¶37}** At trial, appellant argued that he is a musician who likes "to shock the audience and catch their attention" and that he "could care less about singing songs like the garbage on the radio today." Furthermore, appellant compared himself to a modern day Lenny Bruce, a stand-up comedian who was subject to numerous criminal trials for his speech in the 1960s. *See* Ronald K. L. Collins, *Lenny Bruce & The First*

10

*Amendment*, 30 Ohio N.U.L. Rev. 15 (2004). At trial, appellant questioned Mrs. Pawlak on cross-examination about how his comments could be perceived as offensive. However, it is clear after reviewing the record and the circumstances surrounding appellant's speech, the language used was not protected speech.

{¶38} Accordingly, appellant's sixth assignment of error is without merit.

{¶39} In his seventh assignment of error, appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by denying [defendant]-appellant's right to court appointed appeal attorney."

{¶40} Initially, we note that appellant's motion for appointment of appellate counsel was denied by this court, not the trial court. In denying his motion for appointed counsel, this court stated, "it is well established that there is no right to appointed counsel in a minor misdemeanor where there is no possibility or risk of imprisonment." As discussed under appellant's first assignment of error, because appellant was charged with a minor misdemeanor that is not punishable by any jail time, he had no right to appointed counsel.

{¶41} Despite well-established law that refutes his position, appellant makes the argument that he did indeed face a potential loss of liberty, and as such, he should be appointed counsel. Appellant's argument is that if he fails to pay his $50.00 fine, he could be held in contempt of court and, if found in contempt, could face jail time. While presenting a colorable argument, appellant's logic is not supported by existing law. Most importantly, Ohio does not allow for contempt of court proceedings to be used as a method to collect unpaid fines when based on an inability to pay. *See Alliance v. Kelly*, 48 Ohio App.3d 133 (5th Dist.1988); *Cleveland v. Anderson*, 82 Ohio App.3d 63 (8th

Dist.1992). In essence, unless appellant was able to pay the fine but refused to do so, appellant faced no potential loss of liberty and was not entitled to appointed counsel.

{¶42} Accordingly, appellant's seventh assignment of error is without merit.

{¶43} In his eighth assignment of error, appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by denying [defendant]-appellant's right to trial transcripts for appeal."

{¶44} On March 2, 2014, as an alternative to incurring the expense of a written transcript, this court sua sponte remanded this case to the trial court so that the record could be supplemented with the audio recording of appellant's bench trial. We accepted that audio recording in lieu of a written transcript. After the filing of the recorded bench trial, appellant was given an additional 20 days to file any additional assignments of error.

{¶45} The audio recording provided this court with the opportunity to review the regularity of the trial court's proceedings and for appellant to cite to the record any claimed error. The filing of the audio-recorded bench trial substantially complied with App.R. 9 by providing this court with a more-than-adequate record of proceedings to thoroughly assess appellant's assignments of error.

{¶46} Accordingly, appellant's eighth assignment of error is moot due to the supplementation of the record with a recording of the entire trial.

{¶47} On March 22, 2013, appellant filed a ninth assignment of error. This court accepted appellant's supplemental assignment of error in a June 3, 2013 judgment entry. Appellee did not file a response to appellant's supplemental assignment of error.

{¶48} In his ninth assignment of error, appellant argues: "[t]he trial court abused its discretion, and prejudicially errored by ordering unconstitutional arrest to debtor's prison, and denial to commerce."

{¶49} The trial court sentenced appellant to pay a fine of $50.00 after finding appellant guilty of disorderly conduct for directing offensive remarks at his neighbor. The trial court did not sentence appellant to jail, nor was sentencing appellant to jail within the trial court's discretion. Accordingly, the trial court did not order appellant's "unconstitutional arrest to debtor's prison." Furthermore, the U.S. Constitution, the Ohio Constitution, and the Ohio Revised Code all prohibit debtors' prisons. Ohio law requires that, prior to committing an offender to jail for nonpayment of fines, an economic ability-to-pay hearing is required. *State v. Perkins*, 154 Ohio App.3d 631, 649 (2d Dist.2003), quoting R.C. 2947.14(A). Additionally, at an ability-to-pay hearing, a person has a right to counsel (including a public defender or court-appointed attorney). *State v. Swift*, 2d Dist. Montgomery No. 20543, 2005-Ohio-1595, ¶12, quoting R.C. 2947.17(B). As the trial court never ordered appellant's "unconstitutional arrest to debtor's prison," the trial court did not abuse its discretion.

{¶50} Accordingly, appellant's ninth assignment of error is without merit.

{¶51} Appellant's nine assignments of error are without merit. The judgment of the Mentor Municipal Court is affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

13

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶52} I respectfully dissent.

{¶53} By way of background, on March 2, 2014, the majority sua sponte remanded this case to the trial court for the record to be supplemented with an audio recording of appellant's bench trial as an alternative to incurring the expense of a written transcript. The majority indicated that it would accept that recording in lieu of a written transcript on appeal. By doing so, the majority essentially carved out an exception to App.R. 9 by remanding this case for an audio recording instead of a written transcript. Thus, this writer dissented to the majority's position in that judgment entry because an indigent appellant in a criminal case has a constitutional right to a transcript at public expense.

{¶54} This writer also now dissents to the instant opinion. In his eighth assignment of error, appellant argues that he was denied his right to the trial transcripts. The majority finds this assignment moot due to the supplementation of the record with an audio recording in lieu of a written transcript. I again disagree with the majority's position.

{¶55} This case involves a pro se appellant. Although there are limits, pro se litigants are generally afforded leniency. *See Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶22, citing *In re Rickels*, 3rd Dist. Paulding No. 11-03-13, 2004-Ohio-2353, ¶4; *State v. Chilcutt*, 3rd Dist. Crawford Nos. 3-03-16 and 3-03-17, 2003-Ohio-6705, ¶9; *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist.1992); *In re Paxton*, 4th Dist. Scioto No. 91-CA2008 (June 30, 1992).

14

**{¶56}** Although the majority seeks to make a special provision for an audio tape, App.R. 9(B) requires the ordering of a complete or partial transcript at the time of filing a notice of appeal in a matter such as this. On his December 6, 2012 notice of appeal, appellant marked that he ordered a complete transcript from the court reporter and indicated that he would file a motion to have the transcript provided at state's expense. On December 19, 2012, appellant filed pro se motions with this court for appointment of appellate counsel and for the transcript of proceedings at state's expense. Both motions were overruled. For the reasons discussed below, I believe that appellant, an indigent in this criminal case, has a constitutional right to a transcript at public expense.

**{¶57}** The Supreme Court of the United States stated in *Mayer v. Chicago*, 404 U.S. 189, 194-195 (1971):

**{¶58}** "In terms of a trial record, * * * the State must afford the indigent a '"record of sufficient completeness" to permit proper consideration of (his) claims.' * * * "[T]he State must provide a full verbatim record where that is necessary to assure the indigent as effective an appeal as would be available to the defendant with resources to pay his own way." (Citations omitted.)

**{¶59}** The Supreme Court of Ohio later stated in *State ex rel. Heller v. Miller*, 61 Ohio St.2d 6, 10 (1980):

**{¶60}** "The United States Supreme Court has given rather significant procedural guarantees in criminal cases, including the right to * * * a transcript at public expense for appeals as of right. The right to a transcript for indigents was established in *Griffin v. Illinois* (1056), 351 U.S. 12, where the court, at page 18, stated that although a right of appeal was not required by the due process clause, once a state gave that right in a

15

criminal case it could not effectively deny it to indigents by requiring that they pay for a transcript they could not afford. The court held broadly that there could be no equal justice where the kind of trial received depended on the ability to pay."

{¶61} This court previously overruled appellant's motion for a transcript at state's expense in this minor misdemeanor action. I disagree with this court's prior ruling, as "[t]he size of the defendant's pocketbook bears no more relationship to his guilt or innocence in a nonfelony than in a felony case." *Mayer, supra*, at 196. "The indigent defendant must be afforded as effective an appeal as the defendant who can pay." *Id.* "It is clear that even in a misdemeanor action an indigent defendant is entitled to a transcript, at State expense, to perfect an appeal. *State ex rel. Dillard v. Duncan* (1976), 45 Ohio St.2d 134 * * *. We must ordinarily assume that a transcript of proceedings is necessary for a defendant to exercise his right of appeal. *See Britt v. North Carolina* (1971), 404 U.S. 226 * * *. The State bears the burden of showing that such a transcript is not necessary or that alternative devices that would fulfill the same function are available. *State v. Arrington*, 42 Ohio St.2d 114 * * * (1975)." *State v. Carpenter*, 1st Dist. Clermont No. 974, 1980 Ohio App. LEXIS 10228, *2-3. (Parallel citations omitted.)

{¶62} In this case, there is no indication whatsoever that appellant has no need for a transcript. In fact, the city initially maintained that a transcript was necessary. The city cannot assert its fiscal interest to infringe appellant's rights and to prevent him from obtaining a transcript at public expense. *Carpenter, supra*, at *3, citing *Duncan, supra*, at 136; *Mayer, supra*, at 197. "This is more than a matter of costs. An affluent society ought not be miserly in support of justice, for economy is not an objective of the system;

16

the real vice is the resulting delay in securing transcripts and hence determining the appeal." *Mayer, supra*, at 201 (Chief Justice Burger, concurring).

{¶63} In this criminal matter, there is no legitimate trial strategy that would substantiate not filing a transcript. Appellant has a constitutional right to the transcript, which is necessary to properly determine his assigned errors on appeal and to guarantee his right to an effective and complete appeal of this case. Judicial economy as well as appellant's right to due process, to a transcript at state's expense, and to a complete appeal belie the majority's position in this case. Unfortunately, the appellant may need to file an appeal to the Supreme Court of Ohio to get his relief.

{¶64} For the foregoing reasons, I believe this matter should be remanded to the trial court for appellant to order and be provided a transcript (not an audio recording) of the proceedings at public expense in order for this court to properly address appellant's arguments on appeal.

{¶65} I respectfully dissent.