THE STATE OF OHIO, APPELLEE, *v.* THACKER, APPELLANT.

(No. 77-805—Decided April 12, 1978.)

44

Mr. *John D. Shimp*, prosecuting attorney, and *Mr. Stephen E. Hagerman*, for appellee.

Messrs. *Dewey & Dewey* and *Mr. Thomas F. Dewey, Jr.*, for appellant.

*Per Curiam.* Defendant's sole claim before this court is that the denial of his "unopposed request for transcripts of the testimony of eleven witnesses from the defendant's prior trial was prejudicial error and the judgment of the trial court should be reversed."

It is defendant's contention that some of the testimony of witnesses at his first trial was inconsistent with prior statements of such witnesses, and that transcripts of such testimony from the first trial are necessary for an effective defense in his second trial for the purpose of impeaching those witnesses.

In *State* v. *Arrington* (1975), 42 Ohio St. 2d 114, this court held, in paragraphs one and two of the syllabus, that:

"1. In a criminal case, the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal."

"2. *The burden is on the state* to show that a transcript of prior proceedings requested by an indigent defendant is not needed for an effective defense or appeal." (Emphasis added.)

The prosecution maintains that there are alternatives to the furnishing of the transcripts sought by defendant and, for that reason, the denial of his request was not prejudicial.

Defendant's request for transcripts was not opposed by the prosecution and was overruled without a hearing. Therefore, the record before this court does not demonstrate that, as this court stated in *Arrington*, paragraph three of the syllabus, there are adequate "alternative devices

available to the defendant that would fulfill the same functions as a transcript."

Accordingly, the defendant's request for transcripts of testimony from his first trial was improperly overruled and, on authority of State v. *Arrington, supra*, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'Neill, C. J., Herbert, Celebrezze, W. Brown, P. Brown, Sweeney and Locher, JJ., concur.