THE STATE OF OHIO, APPELLANT, *v.* FERGUSON, APPELLEE.

(No. 379—Decided March 28, 1979.)

*Mr. Ronald C. Carey,* prosecuting attorney, for appellant.
*Ms. Mary H. McElwee,* for appellee.

*Per Curiam.* The issue raised under the state's single assignment of error is whether the trial court erred in dismissing the indictment (robbery and burglary) by reason of the inability of the official court reporter of the Court of Common Pleas to furnish a transcript of the preliminary hearing. Her inability arose from the fact that the tape recording device in the Wilmington Municipal Court malfunctioned or was inadvertently misused, and the recording of the preliminary hearing was "not available."

The record discloses that a preliminary hearing was held after the appointment of Ferguson's counsel, that the prosecuting witness testified thereat, that the defendant was bound over to the grand jury, and that an indictment was duly issued. The trial court found Ferguson to be indigent and ordered that a transcript of the preliminary hearing be furnished to him without charge. The official court reporter filed an affidavit stating that she had been advised "there is no tape recording available of the preliminary hearing in this matter" and that she could not prepare a transcript. Ferguson moved

for a dismissal. Without a hearing, the court dismissed the charges against him "with prejudice."

A transcript of a preliminary hearing is presumed to be valuable to the defendant. Paragraph 4 of the syllabus of *State* v. *Arrington* (1975), 42 Ohio St. 2d 114. It would be particularly valuable for impeachment purposes when the prosecuting witness testified, as happened in the instant case.

When the transcript is available but the trial court refuses to furnish the defendant with a copy, prejudicial error has been committed. *State* v. *Arrington, supra.* A similar error is made when, in preparation for a second trial, the trial court denies the defendant's request for a transcript of the testimony at the first trial. *State* v. *Thacker* (1978), 54 Ohio St. 2d 43.[1]

We detect several distinguishing features between those two cases and the instant case. Therein, the transcripts of the prior proceedings were available and while denied to the defendants, were in the prosecution's hands. Also, the court could determine whether the transcripts were of value to defendant's defense by reading them. In contrast, in the instant case, the transcript was not available, not through the fault of the prosecuting attorney nor by reason of any court ruling. Also, while the Supreme Court reversed and remanded the cases in *Arrington* and *Thacker* for further proceedings, the trial court herein terminated the case "with prejudice."[2]

Our conclusion is that the dismissal was premature. It was ordered without a hearing, without any significant opportunity of the prosecution to be heard, and without exploration of alternative means of correcting the mistake of the Wilmington Municipal Court or otherwise reducing the harmful effects of the mistake.[3]

---

[1] In *State* v. *Haag* (1976), 49 Ohio App. 2d 268, the absence of any record whatsoever of the hearing at which a defendant waived counsel and then was tried, found guilty and sentenced to three days for driving under the influence of alcohol, was erroneous. The Court of Appeals reversed an order for incarceration although it allowed the conviction, the fine and the 30-day license suspension to stand. The significance of the absence of the record lay in the requirement that a waiver of a constitutional right must appear affirmatively on the record.

[2] The appellant does not raise the question of the meaning of a dismissal "with prejudice" of criminal charges prior to trial, and we do not consider what meaning the phrase might have.

[3] By way of example only, the substance of the testimony at the preliminary hearing, if not the exact words used, might be reconstructed by the parties by several

We find merit in the assignment of error. We reverse the order dismissing the charges and remand this case for a consideration of what harm arose from the absence of a preliminary hearing transcript and an exploration of alternative means of correcting or reducing that harm, and for further proceedings.

*Judgment reversed*
*and cause remanded.*

KEEFE, P. J., CASTLE and BLACK, JJ., concur.

---

means; that is, by taking depositions of the officials and other persons who were present at the preliminary hearing, or by an agreed statement of the recollection of those persons, with any differences to be settled by the presiding magistrate. The latter method follows the procedure set forth in App. R. 9(C) for the supplying of a record when a transcript is not available. There are undoubtedly other alternatives, but it is not our function to delineate them at this time.

We note that the burden placed on the state by *State* v. *Arrington, supra,* is a burden to show that the verbatim transcript (then in existence and before the court) is not valuable to the defendant or that there are alternative devices available to him that would fulfill the same function. The burden is not fully on the prosecuting attorney to construct a record of a preliminary hearing when it was not his duty to make the recording in the first instance. Crim. R. 22 requires that all proceedings in serious offenses shall be recorded, and we conceive the duty to make that record to be imposed on the court. Counsel are obligated to assist as officers of the court, but the primary responsibility appears to us to be on the court itself.