THE STATE, EX REL. SPIRKO, *v.*
JUDGES OF THE COURT OF APPEALS, THIRD APPELLATE DISTRICT, ET AL.

[Cite as State, ex rel. Spirko, *v.* Court of Appeals (1986),
27 Ohio St. 3d 13.]

(No. 85-1784—Decided November 26, 1986.)

14

*Randall M. Dana,* public defender, and *Michael W. Gleespen,* for relator.

*Stephen E. Keister,* prosecuting attorney, and *Charles F. Koch,* for respondent Keysor.

*Per Curiam.* A proceeding for a writ of mandamus is a civil action. *State, ex rel. Wilson,* v. *Preston* (1962), 173 Ohio St. 203 [19 O.O.2d 11], paragraph one of the syllabus. Consequently, mandamus actions are governed by the Ohio Rules of Civil Procedure. Cf. *State, ex rel. Madison,* v. *Cotner* (1981), 66 Ohio St. 2d 448 [20 O.O.3d 381].[3] Relator's motion for default judgment therefore can be entertained by the court under Civ. R. 55.

In a mandamus proceeding to coerce a public official to do an act which allegedly is enjoined upon him by law, all the facts necessary to put him in default must be shown. A relator in mandamus must plead and prove the existence of all requisite facts. Unless a demonstration is made that there is a clear legal duty to perform as requested, a writ of mandamus will not issue. See *State, ex rel. Temke,* v. *Outcalt* (1977), 49 Ohio St. 2d 189, 190 [3 O.O.3d 248].

Where no answer or other appropriate pleading is filed by the respondent, and a motion for default judgment is before the court, the facts as averred in the complaint are accepted as true. *State, ex rel. Baxter,* v. *Manchester* (1944), 143 Ohio St. 48 [27 O.O. 573]; *State, ex rel. Clifton,* v. *Howard* (1929), 121 Ohio St. 607, 608; see, also, *State, ex rel. Brown,* v. *Internatl. University* (1978), 56 Ohio St. 2d 149 [10 O.O.3d 325]; *State, ex rel. Wiegel,* v. *Randall* (1953), 160 Ohio St. 327 [52 O.O. 212].

The statutes relator emphasizes to impose a duty on the respondents to provide a full transcript for his capital appeal are R.C. 2929.03 and 2929.05. R.C. 2929.03(G) provides:

"Whenever the court or a panel of three judges imposes sentence of death, *the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the appellate court.*" (Emphasis added.)

Consequently, there is an obvious, clear legal duty — not performed in

---

[3] With respect to cases initiated in this court, Section 1, Rule VIII of the Rules of Practice of the Supreme Court states:

"An original action * * * shall proceed as any civil action under the Ohio Rules of Civil Procedure."

the present case — upon the clerk to deliver the entire unabridged record to the court of appeals.

R.C. 2929.05 provides a pervasive scheme of review by Ohio's appellate courts in capital cases. The pertinent portion of R.C. 2929.05(A) reads:

"Whenever sentence of death is imposed * * * the court of appeals and the supreme court shall upon appeal review the sentence of death at the same time that they review the other issues in the case. The court of appeals and the supreme court shall review the judgment in the case and the sentence of death imposed by the court or panel of three judges in the same manner that they review other criminal cases, *except that they shall review and independently weigh all of the facts and other evidence disclosed in the record in the case* and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether the sentence of death is appropriate. * * *" (Emphasis added.)

R.C. 2929.05 thus places a solemn responsibility on the appellate courts to reweigh the aggravating-mitigating evidence and all other facts and evidence to determine whether death is a fitting punishment. It is clear that a court cannot review all the facts and circumstances of a case if it does not have a complete record from which to conduct such a review.

The court of appeals, in its order, concluded that "the appellant has made an insufficient showing of the pertinency" of some of the requested transcripts. We believe that placing such a burden on a defendant-appellant places unnecessary obstacles in the path to effective appellate scrutiny and that it further is contrary to established precedent in this state. In *State* v. *Arrington* (1975), 42 Ohio St. 2d 114 [71 O.O.2d 81], at paragraph four of the syllabus, this court observed that "[o]rdinarily it is assumed that a transcript * * * would be valuable to a defendant without requiring a showing of need tailored to facts of the particular case." At paragraph two of the syllabus, in explicit, unmistakable language, we held: "*The burden is on the state* to show that a transcript of prior proceedings * * * is not needed for an effective defense or appeal." (Emphasis added.) These principles were followed in *State, ex rel. Dillard,* v. *Duncan* (1976), 45 Ohio St. 2d 134 [74 O.O.2d 255].[4] In that case, the indigent defendants in the underlying criminal actions had been convicted of misdemeanors. Despite the state's protests to providing the transcript, this court upheld the ruling that the trial court was required to furnish a record of the proceedings, without charge, to the defendants. If a transcript is necessary to

---

[4] See, also, to the same effect: *State* v. *Thacker* (1978), 54 Ohio St. 2d 43, 44 [8 O.O.3d 37]; *State, ex rel. Seigler,* v. *Rone* (1975), 42 Ohio St. 2d 361 [71 O.O.2d 328]; *State, ex rel. Terrell,* v. *Court* (1963), 174 Ohio St. 209 [22 O.O.2d 176]; *State, ex rel. Wright,* v. *Cohen* (1962), 174 Ohio St. 47 [21 O.O.2d 294]; *State* v. *Frato* (1958), 168 Ohio St. 281 [6 O.O.2d 486].

an effective appeal in a misdemeanor case, how much more necessary is it to an effective appeal in a capital case?

Section 16, Article I of the Ohio Constitution provides:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

In *Thomas* v. *Mills* (1927), 117 Ohio St. 114, this court had occasion to interpret and apply the foregoing constitutional provision. In that dispute, the warden of the Ohio Penitentiary had refused to allow an attorney to enter the prison for the purpose of conferring with his client. The prisoner was appealing a conviction of first-degree murder. The court found from the record that the attorney had applied for entry only at reasonable times.

Judge Florence E. Allen, author of this court's opinion, framed the issue at 120 with these observations:

"Was Article I, Section 16 of the Constitution of Ohio, violated by the warden's refusal? That section provides that every person shall have justice administered without denial or delay. Surely the right to be represented by counsel in every stage of a criminal proceeding is a right inherent in justice itself, and any person who is denied the right is denied justice."

We think these basic principles also apply in the present case. Just as the right to confer with an attorney "is a right inherent in justice itself," so too is the right to an unabridged transcript. If consultation with one's lawyer is essential to prepare a case for the appellate courts, we believe the availability of a trial record is indispensable for that very same purpose. Without a transcript, a capital defendant is precluded from obtaining a complete and meaningful appellate review of his case as provided by statute and by Section 16, Article I of the Ohio Constitution. In brief, with respect to the right to a comprehensive transcript, "any person who is denied the right is denied justice."

Judge Allen, in *Mills, supra,* at 125, approvingly quoted language from an Oklahoma case, *State, ex rel. Tucker,* v. *Davis* (1913), 9 Okla. Crim. 94, 97, 130 P. 962, 963, which we find appropriate here:

" 'It would be a cheap subterfuge of and shameless mockery upon justice for the state to put a man on trial in its courts, charged with an offense which involved his life, liberty, or character, and then place him in such a position that he could not prepare to make his defense. It would be just as reasonable to place shackles upon a man's limbs, and then tell him that it is his right and duty to defend himself against an impending physical assault. If the right of defense exists, it includes and carries with it the right of such freedom of action as is essential and necessary to make such defense complete. In fact, there can be no such thing as a legal trial, unless both parties are allowed a reasonable opportunity to prepare to vindicate their rights. * * *' "

Because of the foregoing considerations, we cannot countenance a situation where a person engaged in a contest with the state for his life should be placed in the untenable position of having to present his case before an appellate court without a comprehensive record to assist him. Furthermore, we cannot allow the grave responsibility to review capital cases, placed by law upon the court of appeals and this court, to be crippled simply because a full record is unavailable. We therefore hold that Section 16, Article I of the Ohio Constitution requires that a defendant in a capital case be afforded a complete, full, and unabridged transcript of all proceedings against him so that he may prosecute an effective appeal.[5]

It is rare that an original action is filed in this court without some kind of timely response from those against whom the complaint is lodged. However, this court has, on occasion when the right to relief is as abundantly clear as it is in this case, issued a default judgment and granted a writ of mandamus. See, *e.g., State, ex rel. Wiegel,* v. *Randall* (1953), 160 Ohio St. 327 [52 O.O. 212]; *State, ex rel. Baxter,* v. *Manchester* (1944), 143 Ohio St. 48 [27 O.O. 523]; and *State, ex rel. Clifton,* v. *Howard* (1929), 121 Ohio St. 607.

We therefore render judgment in favor of the relator, and allow the requested writ.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and DOUGLAS, JJ., concur.

HOLMES and WRIGHT, JJ., concur in judgment only.

---

[5] Because we find the statutes and Constitution of Ohio require the result reached herein, we expressly do not decide whether the federal Constitution would demand the same conclusion. We note in passing, however, that the United States Supreme Court has repeatedly emphasized, in the context of federal constitutional provisions, the right to effective appellate review. *Griffin* v. *Illinois* (1956), 351 U.S. 12; *Eskridge* v. *Washington State Bd. of Prison Terms & Paroles* (1958), 357 U.S. 214; and *Gardner* v. *California* (1969), 393 U.S. 367 (guaranteeing indigents a free transcript for appeal purposes); *Burns* v. *Ohio* (1959), 360 U.S. 252 [10 O.O.2d 404] (compelling the clerk of this court to accept appeal petitions from indigents without the payment of filing fees); *Anders* v. *California* (1967), 386 U.S. 738 (invalidating an appellate judgment where the attorney failed to prepare a brief on the ground that there was no merit to the appeal); *Douglas* v. *California* (1963), 372 U.S. 353 (guaranteeing the assistance of counsel on the first appeal as of right); *Evitts* v. *Lucey* (1985), 469 U.S. 387 (establishing the right to effective assistance of appellate counsel); *Draper* v. *Washington* (1963), 372 U.S. 487 (finding that a trial court's judgment that an appeal is frivolous does not satisfy the constitutional right to effective appellate review); *Proctor* v. *Warden* (1978), 435 U.S. 559 (vacating an appellate judgment because its summary review was based on an inapposite case and statute); *Bounds* v. *Smith* (1977), 430 U.S. 817 (guaranteeing adequate libraries and other supplies for prisoners who desire to prepare and file appeals and postconviction actions); *Entsminger* v. *Iowa* (1967), 386 U.S. 748 (nullifying an appellate judgment where defense counsel had filed only a partial record with the court).