THE STATE EX REL. SHIMOLA *v.* CITY OF CLEVELAND ET AL.

[Cite as *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110.]

(No. 94–610—Submitted June 29, 1994—Decided August 24, 1994.)

*William T. Wuliger,* for relator.

*Sharon Sobol Jordan,* Director of Law, and *Kathleen A. Martin,* Chief Assistant Director of Law, for respondents.

*Per Curiam.* Pursuant to former S.Ct.Prac.R. VIII, Section 1, now S.Ct. Prac.R. X, Section 2, mandamus actions filed originally in this court "shall proceed as any civil action under the Ohio Rules of Civil Procedure." See, also, R.C. 2731.09. When appropriate, a Civ.R. 55 default judgment may be entered in a mandamus action. *State ex rel. Spirko v. Court of Appeals* (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]" Civ.R. 55(A). Respondents failed to timely answer and did not obtain leave of court to file their untimely answer. Therefore, relator's request that respondents' answer be stricken is granted.

Under Civ.R. 55(D), a default judgment may be entered against the state only if the "claimant establishes his claim or right to relief by evidence satisfactory to the court." *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 473, 605 N.E.2d 37, 39. Therefore, a default judgment against the state is not absolutely prohibited, but the court must look beyond the simple admissions resulting from a failure to serve a responsive pleading. See 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1988) 311, T 25.02(B)(2). In order for a writ of mandamus to issue, Shimola must establish that he has a clear legal right to satisfaction of the judgments plus any accrued postjudgment interest, that respondents have a clear legal duty to pay such amounts, and that he has no plain and adequate remedy at law. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 632 N.E.2d 897.

Shimola's counsel's affidavit, filed in support of the motion for default judgment, indicates that respondent city of Cleveland owed money to Shimola based on the following three judgments: (1) October 29, 1990: $72,500, (2) December 17, 1990: $2,650.56, and (3) December 19, 1990: $60,304.11. The affidavit further notes that the city has paid no money towards the satisfaction of those judgments. Additionally, pursuant to Sections 94 and 100 of the Cleveland City Charter, the city's director of finance supervises the disbursement of city funds. In addition to the principal amounts of the judgments, R.C. 1343.03(A) automatically bestows a right to postjudgment interest as a matter of law. · See, *e.g., Testa v. Roberts* (1988), 44 Ohio App.3d 161, 542 N.E.2d 654. The accrued interest is calculated from the dates of the judgments. R.C. 1343.03(B). The evidence thus establishes that Shimola has a clear legal right to the principal amount of the judgments (totalling $135,454.67) and accrued postjudgment interest of ten percent per year from the dates of those judgments, and that respondents have a clear legal duty to pay Shimola these amounts.

It is further evident that Shimola has no adequate legal remedy to enforce the judgments and accrued interest, since the city is immune from execution pursuant to R.C. 2744.06(A), which provides:

"Real or personal property, and moneys, accounts, deposits, or investments of a political subdivision are not subject to execution, judicial sale, garnishment, or attachment to satisfy a judgment rendered against a political subdivision in a civil action to recover damages for injury, death, or loss to persons or property caused by an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function. Such judgments shall be paid from funds of the political subdivisions that have been appropriated for that purpose, but, if sufficient funds are not currently appropriated for the payment of judgments, the fiscal officer of a political subdivision shall certify the amount of any unpaid judgments to the taxing authority of the political subdivision for inclusion in the next succeeding budget and annual appropriation measure and payment in the next succeeding fiscal year * * *."

Accordingly, Shimola has established his right to a writ of mandamus by satisfactory evidence. For the foregoing reasons, Shimola is granted a writ of mandamus compelling the city of Cleveland to pay the principal amounts of the three 1990 judgments and accrued statutory postjudgment interest.

*Writ granted.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS and PFEIFER, JJ., concur.

RESNICK, J., concurs in judgment only.

WRIGHT and F.E. SWEENEY, JJ., not participating.