THE STATE EX REL. BOARD OF EDUCATION OF YOUNGSTOWN CITY SCHOOL DISTRICT *v.* CITY OF YOUNGSTOWN ET AL.

[Cite as *State ex rel. Youngstown City School Dist. Bd. of Edn. v. Youngstown* (1998), 84 Ohio St.3d 51.]

(No. 98–1428—Submitted September 28, 1998—Decided December 2, 1998.)

*Green & Hughes Co., L.P.A.,* and *Martin J. Hughes III,* for relator.

*Per Curiam.* Under S.Ct.Prac.R. X(5), after the time for filing an answer to the complaint or motion to dismiss, we will either dismiss the case or issue an alternative or peremptory writ. If it appears beyond doubt that the board is entitled to the requested extraordinary relief, a peremptory writ should issue. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 583, 669 N.E.2d 835, 839.

The board essentially requests a default judgment granting a peremptory writ of mandamus because of the board's failure to file a timely response to the mandamus complaint. When appropriate, a default judgment may be entered in a mandamus action. *State ex rel. Spirko v. Court of Appeals* (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625. But a default judgment may be entered against a political subdivision and its officers only if "the claimant establishes his claim or right to relief by evidence satisfactory to the court." Civ.R. 55(D); see, also, Civ.R. 8(D) and S.Ct.Prac.R. X(2). Therefore, in these cases, the court looks beyond the simple admissions resulting from a failure to serve a responsive pleading. *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, 326.

Here, as in *Shimola,* 70 Ohio St.3d at 112–113, 637 N.E.2d at 326–327, the board established its right to a writ of mandamus to compel access to the requested records by satisfactory evidence. The board requested access to public records, respondents refused the board's requests, and respondents never asserted any exemption from disclosure. "Exemptions from disclosure must be strictly construed against the public records custodian, and the custodian has the burden to establish an exemption." *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 266, 685 N.E.2d 1223, 1228. Respondents also did not file anything in response to the board's motion for a peremptory writ.

Based on the foregoing, we grant a peremptory writ of mandamus to compel respondents to provide the board with access to all records related to the Northeast Ohio Correctional Center, including records of any attempt to grant or enhance a tax exemption for the prison.

In addition, the board is entitled to an award of attorney fees. They have established a sufficient public benefit by the provision of access to the requested

records. Respondents failed to comply with the board's numerous records requests and failed to specify any reasons justifying their noncompliance. See *State ex rel. Toledo Blade Co. v. Hancock Cty. Bd. of Commrs.* (1998), 82 Ohio St.3d 34, 37, 693 N.E.2d 787, 788–789. In fact, respondents did not file anything in opposition to the board's mandamus action or its request for attorney fees. The board's counsel is ordered to submit a bill and documentation in support of attorney fees in accordance with DR 2–106(B).

Accordingly, we grant the peremptory writ of mandamus and award attorney fees.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.