OPINION
{¶ 1} This is an appeal by the State of Ohio in a felony criminal case after the charges against Appellee Martin F. Mosti were dismissed by the Jefferson County Court of Common Pleas. The reason for the dismissal was that the preliminary bindover hearing in the Jefferson County Court, Area District # 1, in Toronto, Ohio, was not recorded by the court. Crim.R. 22 states, in part, that "[i]n serious offense cases all proceedings shall be recorded." The Jefferson County Court of Common Pleas concluded that the failure to record the preliminary bindover hearing, in violation of Crim.R. 22, warranted the dismissal of the charges without prejudice. We conclude that the court should have granted Appellee a new preliminary hearing rather than dismiss the charges, and for the reasons that follow, we reverse the judgment of the Jefferson County Court of Common Pleas.
 {¶ 2} On July 19, 2002, a criminal complaint was filed in Jefferson County Court against Appellee alleging that he committed burglary, felony domestic violence and that he violated the terms of a protective order. A preliminary bindover hearing was scheduled for July 23, 2002, but was postponed until August 13, 2002. The hearing apparently was not recorded by the county court. The county court judge filed a journal entry on August 13, 2002, finding probable cause to bind the case over to the Jefferson County Grand Jury.
 {¶ 3} On September 11, 2002, the Jefferson County Grand Jury returned a five-count indictment against Appellee, charging him with two counts of burglary (R.C. 2911.12[A][1], and [A][4]), second and fourth degree felonies; two counts of felony domestic violence (R.C. 2919.25[A]), fifth degree felonies; and felony violation of a protection order (R.C. 2929.27), a fifth degree felony.
 {¶ 4} On October 7, 2002, Appellee filed a motion to obtain a transcript of the August 13, 2002, preliminary bindover hearing. Appellee discovered that the hearing had not been recorded. On October 15, 2002, Appellee filed a Motion to Dismiss based on his inability to receive a transcript of the preliminary bindover hearing, and a hearing was held on the motion the same day. The court of common pleas granted the motion by Judgment Entry filed on October 16, 2002, and dismissed the charges that were under review at the August 13, 2002, bindover hearing. There was an additional charge of domestic violence in the grand jury indictment unrelated to the August 13, 2002, bindover hearing, and the trial court overruled Appellee's motion to dismiss with respect to that charge. A jury trial on the sole remaining count was held on October 17, 2002. Appellee was acquitted of the domestic violence charge. The State of Ohio filed this timely appeal on October 23, 2002. This is an appeal of right pursuant to R.C. 2945.67(A).
 {¶ 5} Appellant's sole assignment of error asserts:
 {¶ 6} "It was error for the court to dismiss the indictment merely because a transcript of the preliminary hearing was unavailable for defendant's use at trial."
 {¶ 7} This appeal requires us to review whether or not it is appropriate to dismiss, without prejudice, the charges in a grand jury indictment if the preliminary bindover hearing has not been properly recorded by the trial court. Crim.R. 22 states, in pertinent part: "[i]n serious offense cases all proceedings shall be recorded." It is undisputed that the charges that were pending against Appellee involve serious offenses and that the August 13, 2003, preliminary hearing was required to be recorded, but was not. Crim.R. 22 does not provide a remedy for a violation of the rule.
 {¶ 8} Appellant argues that the trial court erred in dismissing the charges because it incorrectly analogized this case to a completely separate line of cases dealing with an indigent defendant's right to receive a transcript of prior proceedings. See State v. Arrington (1975), 42 Ohio St.2d 114, 71 O.O.2d 81, 326 N.E.2d 667; Britt v. North Carolina (1971),404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400, 403. Appellant argues that the trial court specifically relied on these two cases in arriving at its decision to dismiss the charges. Appellant points out that, in the instant case, it was not a lack of ability to pay that deprived Appellee of a transcript. There simply was no transcript available because the county court failed to record the hearing.
 {¶ 9} Appellant cites this Court's opinion in State v.Robinson (Dec. 1, 1987), 7th Dist. No. 86 C.A. 169, for the following rule:
 {¶ 10} "Although it is true that a transcript of a preliminary hearing can be a valuable tool for the defense, when the unavailability of such a transcript is through no fault of prosecution, there is no violation of due process."
 {¶ 11} Appellant argues that the failure to make a recording of the preliminary hearing was through no fault of the prosecutor, and that there were alternative means short of dismissal that could have corrected or reduced the harmful effects of the county court's error, citing State v. Ferguson
(1979), 64 Ohio App.2d 165, 166, 411 N.E.2d 831, in support.
 {¶ 12} Appellant also argues that the charges should not have been dismissed because Appellee was not prejudiced by the county court's error. Appellee's alleged prejudice is that he cannot use Denise Mosti's preliminary hearing testimony to impeach her at trial. Appellant argues that Denise Mosti gave written statements to the police on the day of the crime, and that these statements provide the same basis for impeachment that any statements made at the preliminary hearing could have provided.
 {¶ 13} Appellant's arguments are persuasive, at least in part. The record shows that due process was not violated because there is no evidence that the prosecutor was at fault in what happened, because the record does not reflect that Appellee was prejudiced due to lack of a transcript, and because the court of common pleas failed to provide a new preliminary hearing prior to dismissing the charges without prejudice.
 {¶ 14} In Robinson, supra, this Court previously ruled on the issues raised in this appeal. In Robinson, the defendant was arrested for aggravated burglary, a first degree felony. He appeared pro se in municipal court for a preliminary bindover hearing. No record was made of the preliminary hearing. Counsel was then appointed for the defendant. Counsel requested a copy of the preliminary hearing transcript, but discovered the hearing had not been recorded. The defendant was later indicted by the grand jury for aggravated burglary. The Mahoning County Court of Common Pleas granted the defendant a new preliminary hearing, and the case went to bench trial the next day. The defendant was found guilty of burglary. The defendant argued on appeal that he was denied due process because his preliminary hearing was not recorded. The facts and arguments of the Robinson case are very similar to those in the instant case.
 {¶ 15} In Robinson, the municipal court's failure to record the preliminary bindover hearing resulted in a new preliminary hearing before the court of common pleas. This Court agreed that the decision to grant a new preliminary hearing was the appropriate remedy for the failure to record the first preliminary hearing. Id. at 3.
 {¶ 16} The following excerpt from Robinson explains this Court's position:
 {¶ 17} "Appellant relies upon State v. Arrington (1975),42 Ohio St.2d 114, in an attempt to show that there was a denial of due process because a transcript of the preliminary hearing was unavailable. Although it is true that a transcript of a preliminary hearing can be a valuable tool for the defense, when the unavailability of such a transcript is through no fault of prosecution, there is no violation of due process.
 {¶ 18} "State v. Ferguson (1979), 64 Ohio App.2d 165, held that:
 {¶ 19} "`It is error to dismiss the charges against a defendant with prejudice when a transcript of the preliminary hearing cannot be made because the recording thereof was "not available" through no fault of the prosecution * * *.'
 {¶ 20} "There is possible error and there is denial of due process when a transcript is available but the trial court refuses to furnish it to the defense. In the instant case, however, any prejudice to appellant was also prejudice to the prosecution. Both sides were deprived of a transcript. A clear distinction can be made between Arrington, supra, and the instant case. In Arrington, the prosecutor had a copy of the preliminary hearing transcript while the defendant did not. The instant case is more like Ferguson, supra, where neither side had a copy of the transcript.
 {¶ 21} "In the instant case, the court did everything possible to correct the harm that may have accrued to the appellant because there was no transcript of a preliminary hearing. The trial court granted a preliminary hearing in the common pleas court." Robinson, supra, 7th Dist. No. 86 C.A. 169, at 2-3.
 {¶ 22} Our previous Robinson opinion is consistent with the procedural due process rights guaranteed by theFourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. Due process guarantees fundamental fairness in the trial of a criminal defendant.Lisenba v. California (1941), 314 U.S. 219, 236, 62 S.Ct. 280,86 L.Ed.2d 166. Due process requires the state to give a defendant, "a meaningful opportunity to present a complete defense." California v. Trombetta (1984), 467 U.S. 479, 485,104 S.Ct. 2528, 81 L.Ed.2d 413. The state fulfills its due process requirements in part by allowing the defendant to have access to all material evidence in the state's possession. Bradyv. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194,10 L.Ed.2d 215. A transcript of a preliminary hearing is presumed to be a useful evidentiary tool for the defendant. State v. Arrington
(1975), 42 Ohio St.2d 114, 336 N.E.2d 667, paragraph four of the syllabus.
 {¶ 23} Due process prevents a criminal defendant from being convicted of a crime if the state fails to preserve materially exculpatory evidence (see Trombetta, 467 U.S. at 489,104 S.Ct. 2528, 81 L.Ed.2d 413), or destroys potentially useful evidence in bad faith (see Arizona v. Youngblood (1988), 488 U.S. 51, 58,109 S.Ct. 333, 102 L.Ed.2d 281). Appellant does not allege bad faith by the prosecutor or the county court. Therefore, the issue is whether the state failed to preserve materially exculpatory evidence, and what remedy to apply if due process was denied.
 {¶ 24} In Trombetta, the United States Supreme Court considered whether due process was violated when the state failed to preserve breath samples in a DUI case. Trombetta held that:
 {¶ 25} "Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality * * * evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such anature that the defendant would be unable to obtain comparableevidence by other reasonably available means." (Citations omitted; emphasis added.) Trombetta, supra, 467 U.S. 488-489,104 S.Ct. 2528, 81 L.Ed.2d 413.
 {¶ 26} In the case at bar, it is not readily apparent whether Appellee could have obtained evidence comparable to the preliminary hearing transcript. The trial court concluded, with no support in the record, that there were no alternative sources for the evidence that would have been in the transcript. (10/16/2002 J.E.) We do not understand how the trial court could come to this conclusion without first providing Appellee with a new preliminary hearing, particularly when Appellee did not even attempt to reconstruct the testimony allegedly given by Ms. Mosti at the original hearing.
 {¶ 27} The Ohio Supreme Court, in State v. Palmer, held that it will not reverse a felony conviction due to the trial court's failure to record a part of the proceedings unless the defendant can demonstrate: "(1) a request was made at trial that the conferences be recorded or that objections were made to the failures to record, (2) an effort was made on appeal to comply with App.R. 9 and to reconstruct what occurred or to establish its importance, and (3) material prejudice resulted from the failure to record the proceedings at issue." State v. Palmer
(1997), 80 Ohio St.3d 543, 554, 687 N.E.2d 685, citing State v.Grant (1993), 67 Ohio St.3d 465, 620 N.E.2d 50; see, also,State v. Davis (1991), 62 Ohio St.3d 326, 581 N.E.2d 1362. In the instant case, the court of common pleas should have applied the same type of factors listed in Palmer, because the court of common pleas was, in essence, reviewing the error of the county court in failing to record the preliminary hearing. In this appeal, we must review whether the trial court properly considered and applied the Palmer factors, in light of the due process concepts outlined earlier, when it dismissed the charges against Appellant without prejudice.
 {¶ 28} It appears that Appellee did not meet the first factor of Palmer because there is nothing in the record indicating that Appellee ever asked the county court judge if the preliminary hearing was being recorded, or checked to see if a record was being made of the hearing, or objected to the court's failure to record the hearing at a time that the county court judge could have corrected the error. It is clear from the transcript of the October 15, 2002, dismissal hearing that Appellee's counsel did not ask about the county court's means for recording its hearings, or whether the equipment was on and working properly. Assuming arguendo, though, that Appellee did properly and timely alert the trial court to the error, it appears that Appellee did not satisfy the second Palmer factor either. As we noted earlier, Appellee did not attempt to reconstruct Ms. Mosti's testimony either at the trial court level or on appeal.
 {¶ 29} Finally, Appellee did not meet the third of thePalmer factors. Because the case has not gone to trial, we have no way of assessing from the record on appeal whether Appellee suffered material prejudice by not having the preliminary hearing transcript. We are aware, however, that written statements were supplied by Ms. Mosti prior to the preliminary hearing. We are further aware that Appellee believes Ms. Mosti was impeached at the preliminary hearing. We are all left to conjecture as to what Ms. Mosti's testimony would hold at a later trial. However, it does not appear that the possibility that the witness would change her statement at trial is sufficient to raise a due process argument by Appellee.
 {¶ 30} The trial court's decision to dismiss the charges was premature at best, and the most appropriate response to the county court's failure to record the preliminary hearing is to provide another preliminary hearing. We are aware that the purpose of a preliminary bindover hearing, "is to determine whether sufficient facts exist to warrant the court in binding the accused over to the grand jury and to set bail, and once an indictment has been returned by the grand jury a preliminary hearing before a magistrate is no longer necessary." State v.Minamyer (1967), 12 Ohio St.2d 67, 232 N.E.2d 401, paragraph one of the syllabus; see, also, Crim.R. 5(B)(1). The purpose of the new preliminary hearing in the instant case would not be to determine probable cause to issue an indictment, because the Jefferson County Grand Jury has already established probable cause and issued an indictment. The purpose of the new hearing would be to allow the parties to reconstruct the testimony that occurred at the first preliminary hearing, including the opportunity to cross-examine witnesses, to replace the record of the original hearing.
 {¶ 31} In the instant case, the trial judge decided that there was no effective remedy in this case other than dismissal. (10/16/02 J.E., p. 2.) The trial judge referred to supposed examples of dismissals in similar situations involving juvenile cases. The trial court did not cite which cases it was relying upon, and we have not uncovered any such cases in our research.
 {¶ 32} The trial court was apparently relying on Appellee's references to juvenile cases from the Eighth District Court of Appeals. All of the cases involved a violation of Juv.R. 37(A), which states in pertinent part:
 {¶ 33} "The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates."
 {¶ 34} It appears that none of those juvenile cases resulted in, or even suggested the possibility of, dismissal as a possible option. For example, in In re Garcia (Apr. 12, 2001), 8th Dist. No. 78153, part of the transcript was missing in a nine-day permanent custody hearing. The Eighth District did not dismiss the case, but rather, reversed the custody decision and remanded the case for a new permanent custody hearing. In In reHenderson (Mar. 8, 2001), 8th Dist. No. 76695, a custody decision was reversed and remanded for a new custody hearing. The reversal was based on a lack of adequate transcripts of the proceedings. The parties attempted to remedy the problem by filing an agreed statement pursuant to App.R. 9(C), but the Eighth District did not find the agreed record to be adequate enough to allow a proper review of the issues. The remaining cases cited by Appellee also resulted in the judgments being reversed and remanded for further proceedings. Appellee's reliance on these cases is unwarranted because none of them involved the dismissal of the underlying action. If anything, these cases support our resolution of this appeal, which is to remand the case for a new preliminary hearing.
 {¶ 35} Although we are aware that the trial court's decision to dismiss the charges without prejudice leaves the door open for the state to refile the charges, the dismissal does not solve the problem that was before the court, i.e., how to provide a remedy for the county court's failure to record the preliminary hearing. There is no guarantee that Appellee would be provided with a new preliminary hearing if the charges are refiled. As we explained earlier, a defendant has no right to a preliminary hearing once a grand jury has issued an indictment. State ex rel. Haynes v.Powers (1969), 20 Ohio St.2d 46, 48, 254 N.E.2d 19. The prosecutor may simply present its case directly to the grand jury without having Appellee rearrested beforehand, thus bypassing Appellee's ability to request a preliminary hearing. It is our opinion that fundamental fairness will be best achieved by preserving the original indictment, but also allowing Appellee to have a new preliminary hearing.
 {¶ 36} Our Opinion in this matter is less a reaffirmation of our prior holding in Robinson than it is an adherence to the opinion of the Ohio Supreme Court in Palmer, supra. It is essential that it appear in the record the reasons why there was no record of the preliminary hearing and that the record reflects the resulting material prejudice to the defense of the accused. As a reviewing court, we cannot speculate that the accused sustained a material prejudice. The accused must place affirmatively in the record evidence that there is such prejudice.
 {¶ 37} We would also like to clarify that our holding inRobinson does not stand for the proposition that it is never reversible error to show that a defendant was unable to receive a transcript of a preliminary hearing through no fault of the prosecutor. Rather, we understand Robinson to mean that such a violation is not, in and of itself, reversible error. It might, however, become reversible error in a given case if the record discloses the material prejudice to the accused.
 {¶ 38} Based on the foregoing analysis, Appellant's argument on appeal is persuasive and its sole assignment of error is hereby sustained. The judgment of the Jefferson County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with our Opinion.
Donofrio and Vukovich, JJ. concur.