[Cite as *State ex rel. Turner v. Bunting*, 2016-Ohio-1325.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Donald Turner, | : | |
| Petitioner, | : | |
| v. | : | |
| | | No. 15AP-605 |
| Jason Bunting, Warden, | : | |
| Marion Correctional Institution, | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on March 29, 2016

**On brief:** *Donald Turner*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Hilda Rosenberg*, for respondent.

IN HABEAS CORPUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Petitioner, Donald Turner, brought this original action requesting a writ of habeas corpus ordering respondent, Jason Bunting, warden at the Marion Correctional Institution, to release him from custody.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that because petitioner is incarcerated in Marion County, but filed his writ of habeas corpus in Franklin County, this court does not have jurisdiction over the writ pursuant to R.C. 2725.03. Therefore, the magistrate recommended that this court deny petitioner's motion for default judgment and grant respondent's motion to dismiss the action.

{¶ 3}   Petitioner filed an objection to the magistrate's decision, which we have paraphrased[1] as follows:

> "[D]ismissal of the pending habeas corpus action is not warranted" in this case, but, rather, the magistrate should have exercised its "option" to transfer the action to the proper court, as the facts and authorities in the petition support granting relief.

(Dec. 21, 2015 Objection, 1.)

{¶ 4}   Petitioner does not challenge the magistrate's conclusion that this court lacks jurisdiction over the writ of habeas corpus but believes the magistrate was incorrect in dismissing the writ without transferring it to the proper court.  Petitioner made this same argument to the magistrate in his motion to strike respondent's motion to dismiss. Both in his motion to strike and his objection to the magistrate's decision, petitioner does not cite authority which supports a finding that the dismissal in this case is unwarranted.

{¶ 5}   In *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, the Supreme Court of Ohio reversed a judgment on the merits of a habeas corpus petition rendered by an appellate court not located in the county of the subject correctional institution and remanded the cause to that appellate court to dismiss the action.  One year earlier, the Supreme Court in *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, held that an inmate's petition for a writ of habeas corpus was properly dismissed because the inmate filed the petition in a county in which the inmate was not incarcerated, contrary to the jurisdictional requirements of R.C. 2725.03.  This court in *Monroe v. Ghee*, 10th Dist. No. 02AP-1308, 2003-Ohio-2584, likewise adopted a magistrate's conclusion that "[b]ecause it is clear that this court lacks territorial jurisdiction in habeas corpus over petitioner who is confined in [a different county], this action must be dismissed."  *Id.* at ¶ 15.  *See also* Civ.R. 12(H)(3) ("Whenever it appears * * * the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  This case, like *Brown*, *Goudlock*, and *Monroe*, involves a petitioner who incorrectly filed a habeas corpus action in a county in which he is not confined.  As with *Brown*, *Goudlock*, and *Monroe*, dismissal without transfer of this action is proper under R.C. 2725.03.  To the extent that petitioner argues

---

[1] Petitioner does not delineate an objection.  In the interest of justice, we gleaned this objection from the "Memorandum in Support" section of petitioner's submission to this court.  (Dec. 21, 2015 Objection, 1-2.)

we should transfer this particular case because the facts and legal arguments within his petition support relief, under R.C. 2725.03, we do not have jurisdiction to consider the merits of his habeas corpus action.   Therefore, considering the above, petitioner's objection is overruled.

{¶ 6}   In summary, following review of the magistrate's decision, an independent review of the record, and due consideration of petitioner's objection, we find the magistrate properly determined the facts and applied the appropriate law.   Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein.   In accordance with the magistrate's decision, the motion for default judgment is denied, and the motion to dismiss is granted.

*Objection overruled;*
*motion for default judgment denied;*
*motion to dismiss granted;*
*action dismissed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____

**A P P E N D I X**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Donald Turner, | : | |
| Petitioner, | : | |
| v. | : | No. 15AP-605 |
| Jason Bunting, Warden, | : | (REGULAR CALENDAR) |
| Marion Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

**M A G I S T R A T E ' S   D E C I S I O N**

Rendered on November 25, 2015

*Donald Turner,* pro se.

*Michael DeWine,* Attorney General, and *Hilda Rosenberg,* for respondent.

IN HABEAS ON RELATOR'S MOTION FOR DEFAULT
JUDGMENT AND RESPONDENT'S MOTION TO DISMISS

{¶ 7} Relator, Donald Turner, has filed this original action requesting that this court grant a writ of habeas corpus ordering respondent, Jason Bunting, warden at Marion Correctional Institution, to release him from custody.

<u>Findings of Fact</u>:

{¶ 8} 1. Relator is an inmate currently incarcerated at Marion Correctional Institution in Marion, Ohio.

{¶ 9} 2. The city of Marion, Ohio, is located in Marion County, Ohio. On June 23, 2015, relator filed this habeas corpus action asking this court to order the warden at Marion Correctional Institution to release him from custody.

{¶ 10} 3. On August 28, 2015, relator filed a motion asking this court to grant default judgment against respondent because respondent had failed to plead or defend, or otherwise answer.

{¶ 11} 4. On September 9, 2015, respondent filed a motion to dismiss and opposition to relator's motion for default judgment asserting that relator's habeas corpus action can only be filed in the county in which relator is currently incarcerated, Marion County.

{¶ 12} 5. On September 30, 2015, relator filed a motion to strike respondent's motion to dismiss and opposition to his motion for default judgment.

{¶ 13} 6. The matter is currently before the magistrate on relator's motion for default judgment and respondent's motion to dismiss.

Conclusions of Law:

{¶ 14} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for default judgment and grant respondent's motion to dismiss.

{¶ 15} A writ of habeas corpus is an extraordinary remedy that is available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980.

{¶ 16} R.C. 2725.03 pertains to the jurisdiction of courts to issue writs of habeas corpus and provides as follows:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, *no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction* to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

(Emphasis added.)

{¶ 17} As noted in the findings of fact, Marion Correctional Institution is located in Marion County, Ohio. Relator filed his habeas corpus action here in Franklin County, Ohio. This court does not have jurisdiction to grant relator's request for a writ of habeas corpus.

{¶ 18} In *State ex rel. Winnick v. Gansheimer,* 112 Ohio St.3d 149, 2006-Ohio-6521, the Supreme Court of Ohio addressed whether or not a default judgment against the state was proper where the warden failed to file a timely response to the petition and determined that it was not, stating:

> [T]he mere fact that the warden did not submit a timely response to the petition when ordered to do so did not entitle [the prisoner] to a default judgment granting the writ. Cf. *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, quoting Civ.R. 55(D) ("a default judgment may be entered against the state only if the 'claimant establishes his claim or right to relief by evidence satisfactory to the court' ").

*Id.* at ¶ 7.

{¶ 19} Relator cannot establish his claim or right to relief by evidence satisfactory to this court where his request for a writ of habeas corpus has been filed in a court which does not have jurisdiction to grant him the requested relief. Relator's motion for default judgment should be denied and for the same reasons, respondent's motion to dismiss should be granted.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).