[Cite as *State v. Nicholson*, 2017-Ohio-7312.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, J. |
| -vs- | |
| | Case No. 2017 CA 00082 |
| DAMARCUS NICHOLSON | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  2016 CR 01465(A)


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          August 21, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           DAMARCUS NICHOLSON
PROSECUTING ATTORNEY                      BELMONT CORR. INSTITUTION
KRISTINE W. BEARD                         Post Office Box 540
ASSISTANT PROSECUTOR                      St. Clairsville, Ohio  43950
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, John, J.*

{¶1} Appellant Damarcus Nicholson appeals the decision of the Court of Common Pleas, Stark County, which denied his request for a transcript at State expense of certain criminal proceedings that had ended in a mistrial. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} In August 2016, Appellant Nicholson was indicted by the Stark County Grand Jury on one count of trafficking in heroin, one count of aggravated trafficking in drugs, one count of possession of heroin, and one count of aggravated possession of drugs.

{¶3} On August 22, 2016, appellant filed a motion to suppress evidence of drugs that had been seized from a rental vehicle he had been using. On September 9, 2016, the trial court denied appellant's motion to suppress, concluding that appellant lacked standing to seek suppression of the evidence seized from the rental vehicle.

{¶4} The matter proceeded to a jury trial on September 28, 2016. However, the matter ended in a mistrial on the same day, based on an issue involving a motion *in limine*.

{¶5} Following a second jury trial, commencing on September 29, 2016, appellant was found guilty as charged in the indictment. The trial court sentenced him on Count I, trafficking in heroin, to a prison term of eight years. For purposes of sentencing only, Counts II and III were merged into Count I, and a twelve-month sentence on Count IV was ordered to be served concurrently, for an aggregate sentence of eight years.

**{¶6}** Appellant then appealed directly to this Court; however, we affirmed his conviction on May 15, 2017. *See State v. Nicholson*, 5th Dist. Stark No. 2016CA00210, 2017-Ohio-2825.

**{¶7}** In the meantime, the trial court issued a written judgment entry on October 11, 2016, memorializing the mistrial that had occurred on September 28, 2016. In addition, on April 28, 2017, shortly before the issuance of our decision in regard to appellant's direct appeal, appellant filed a *pro se* request with the trial court for a transcript of the proceedings leading to the mistrial of September 28, 2016.

**{¶8}** On May 2, 2017, via judgment entry, the trial court denied appellant's request for said transcript.

**{¶9}** On May 18, 2017, appellant filed a *pro se* notice of appeal. He herein raises the following sole Assignment of Error:

**{¶10}** "I.    THE TRIAL COURT ERRED IN ITS DECISION TO DENY APPELLANT'S MOTION FOR MISTRIAL TRANSCRIPTS."

I.

**{¶11}** In his sole Assignment of Error, appellant contends the trial court erred in denying his request for a transcript, at State Expense, of the mistrial proceedings of September 28, 2016. We disagree.

**{¶12}** "[I]n the criminal arena it is an established constitutional right that an indigent defendant must be afforded a transcript of trial proceedings or its equivalent for an effective appeal." *State v. Parker*, 7th Dist. Mahoning No. 92 CA 135, 2002-Ohio-1151, citing *Britt v. North Carolina* (1971), 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400. The Ohio Supreme Court has similarly held that the State must provide an indigent

criminal defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. *State v. Arrington* (1975), 42 Ohio St.2d 114, 326 N.E.2d 667, paragraph one of the syllabus. But the State bears the burden of showing that such a transcript is not necessary or that alternative devices that would fulfill the same function are available. *See State v. Hoff*, 5th Dist. Fairfield No. 02-CA-89, 2003-Ohio-3858, ¶ 14, citing *Arrington*, *supra.*

{¶13} In the case *sub judice*, appellant's "motion for mistrial transcripts" in the trial court made the general assertion that such transcripts "are needed for the furtherance of petitioners [*sic*] direct appeal." However, at the time appellant filed his motion on April 28, 2017, his direct appeal following the second trial, which raised suppression issues only, had already been briefed, heard at oral argument, and taken under advisement by this Court. Furthermore, there is no indication that any transcribed record of the mistrial testimony was requested for purposes of or utilized in the second trial.[1] While it would have been the better practice for the trial court to have allowed more time for the State to formally respond to appellant's mistrial transcript request in accordance with *Arrington*, under the circumstances presented we find no demonstration by appellant of prejudicial error warranting reversal.

---

[1] In contrast, in *State v. Thacker*, 54 Ohio St.2d 43, 374 N.E.2d 642 (1978), the defendant, Gary Thacker, had requested transcripts of the testimony of eleven witnesses from his prior mistrial. However, in concluding the request for transcripts from the mistrial had been improperly overruled, the Ohio Supreme Court noted Thacker had specifically claimed that such transcripts were necessary in order to adequately prepare for a second trial. *Id.* at 43, 44.

{¶14} Accordingly, appellant's sole Assignment of Error is overruled.

{¶15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


JWW/d 0727