[Cite as *Warsame v. Trans Am Trucking, Inc.*, 2024-Ohio-1020.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Abdulkadir Warsame, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-311 |
| v. | : | (M.C. No. 20CVI-15900) |
| Trans Am Trucking Inc., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 19, 2024

**On brief:** *McCreary Law, LLC*, and *Tonya McCreary Williams*, for appellant. **Argued:** *Tonya McCreary Williams*.

**On brief:** *Collins Roche Utley & Garner LLC*, *Patrick M. Roche*, and *Lucas P. Baker*, for appellee. **Argued:** *Lucas P. Baker*.

APPEAL from the Franklin County Municipal Court

BOGGS, J.

**{¶ 1}** Plaintiff-appellant, Abdulkadir Warsame, appeals the judgment of the Franklin County Municipal Court, Small Claims Division, denying his Civ.R. 60(B) motion for relief from the trial court's judgment dismissing his complaint against defendant-appellee, Trans Am Trucking Inc. ("Trans Am"), for lack of subject-matter jurisdiction. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

**{¶ 2}** In June 2020, Warsame filed a pro se complaint against Trans Am, a Kansas corporation, for damages Warsame allegedly sustained in March 2020, when a vehicle owned by Trans Am collided with a parked truck in which Warsame was sleeping, at a Flying J truck stop in Fairview, Tennessee. Warsame sought a judgment of $5,867.40,

representing a $5,067.40 estimate for repairs to his truck and $800.00 for lost time due to the repairs. (June 24, 2020 Compl.) The trial court initially entered a default judgment in favor of Warsame, but it subsequently vacated that judgment after Trans Am filed an unopposed motion for relief from judgment. The court scheduled a small claims hearing for April 13, 2022. Trans Am filed an answer to Warsame's complaint on November 22, 2021.

{¶ 3} On January 24, 2022, Trans Am filed a motion to dismiss Warsame's action, pursuant to Civ.R. 3(C), for improper venue. Trans Am claimed that the only appropriate venues for Warsame's claims were in Kansas—where Trans Am resided and had its principal place of business—and Tennessee—where Warsame claimed the alleged accident occurred. Warsame did not respond to Trans Am's motion to dismiss.

{¶ 4} Warsame's current attorney entered an appearance on March 7, 2022, but she did not seek leave to respond to Trans Am's pending motion to dismiss.

{¶ 5} On March 24, 2002, Trans Am filed a motion for a continuance of the April 13, 2022 hearing, at least until after the court ruled on Trans Am's motion to dismiss. Trans Am asked the trial court to permanently cancel the hearing if the court determined that it lacked subject-matter jurisdiction or was an improper venue for Warsame's claim.

{¶ 6} On March 30, 2022, a magistrate issued an entry dismissing Warsame's complaint. The magistrate did not discuss venue or cite Civ.R. 3(C), upon which Trans Am had based its motion to dismiss. Instead, the magistrate decided that the court lacked subject-matter jurisdiction over Warsame's claim, "[b]ecause [Trans Am] does not reside in Franklin County and the subject of this lawsuit has no connection to Franklin County."[1] (Mar. 30, 2022 Entry at 1-2.) The magistrate stated that R.C. 1901.18(A) limits a municipal court's subject-matter jurisdiction to cases that have a territorial connection to the court and recognized that a lack of subject-matter jurisdiction may not be waived. *See Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, ¶ 18; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. The magistrate concluded that Warsame's "case must be dismissed without prejudice so the parties can pursue their claims in a court with proper jurisdiction to hear the dispute." (Mar. 30, 2022 Entry at 2.)

---

[1] "Because a court is powerless to hear a case without subject-matter jurisdiction, a court may sua sponte raise the issue of subject-matter jurisdiction and may dismiss the case if it finds that it lacks subject-matter jurisdiction over it." *Pointer v. Smith*, 10th Dist. No. 20AP-555, 2021-Ohio-2247, ¶ 8.

Warsame did not file objections to the magistrate's decision, which the trial court adopted as its own on April 4, 2022.

{¶ 7} Warsame did not appeal the trial court's dismissal.[2] Nor does it appear from the record that Warsame attempted to refile his claim in a court with jurisdiction to decide it.

{¶ 8} On April 4, 2023, exactly one year after the trial court dismissed his case, Warsame filed a "MOTION FOR RELIEF PURSUANT TO CIV.R. 60(B)." Warsame requested relief from the order dismissing his case and for an order transferring the case to the United States District Court for the Southern District of Ohio. Despite the title of his motion, Warsame did not address the requirements for relief under Civ.R. 60(B). Nor did he address the trial court's determination that it lacked subject-matter jurisdiction. Instead, he argued only that the court erred by dismissing the case before the expiration of the time permitted under Civ.R. 6(C)(1) for Warsame to respond to Trans Am's motion for a continuance. He stated, "Dismissal of this action is harsh remedy that jeopardizes Plaintiff's claim." (Apr. 4, 2023 Mot. for Relief Pursuant to Civ.R. 60(B) at 3.) Although Warsame claimed the municipal court had authority to transfer his case to federal court, he did not identify any rule creating such authority.

{¶ 9} The following day, April 5, 2023, Warsame filed another "MOTION FOR RELIEF PURSUANT TO CIV.R. 60(B)," which reiterated the contents of the previous day's motion, but also argued that the trial court should have stricken Trans Am's answer and motion to dismiss; that Trans Am's motions to dismiss and for a continuance were, in effect, a notice of removal to federal court; that the trial court had authority to stay the action and order Trans Am to transfer the case to federal court; and that Civ.R. 60(B)(5) allows relief from judgments to prevent manifest injustice. Like his previous motion, Warsame's April 5, 2023 motion contained no argument regarding how he met the requirements for relief from judgment under Civ.R. 60(B). Instead, he argued generally that "[r]eopening this case to order removal * * * to the US District Court rather than dismissing it because

---

[2] This court has held that a dismissal for lack of subject-matter jurisdiction (a dismissal "otherwise than on the merits," Civ.R. 41(B)(4)(a)) may be a final, appealable order in similar circumstances. *B.H. v. State of Ohio Dept. of Admin. Servs.*, 10th Dist. No. 16AP-747, 2017-Ohio-9030, ¶ 11, citing *George v. State of Ohio*, 10th Dist. No. 10AP-4, 2010-Ohio-5262, ¶ 16. We noted in *George* that, otherwise, "[t]here would be * * * no mechanism to review the trial court's determination that it lacked jurisdiction over the matter in the first instance." *Id.* at ¶ 16.

[Warsame] made the procedural mistake of filing his claim in the wrong Court will allow [Warsame] to preserve the statute of limitations, fix the procedural mistakes, resolve the claim with the Defendant, and prevent manifest injustice to [Warsame]." (Apr. 5, 2023 Mot. for Relief Pursuant to Civ.R. 60(B) at 6.)

{¶ 10} The trial court denied Warsame's motions for relief from judgment. The court first rejected Warsame's arguments that he was entitled to relief because he had been denied the opportunity to respond to Trans Am's March 24, 2022 motion for a continuance. The court reasoned that the magistrate ruled not on the motion for a continuance, but on Trans Am's January 24, 2022 motion to dismiss, which had been served on Warsame and to which Warsame had not filed a response despite "more than adequate time to respond." (Apr. 19, 2023 Entry.) The court stated that Warsame's motions failed to address the fundamental flaw in his claim—that the municipal court lacked jurisdiction because Warsame's claim arose from an alleged collision that occurred in Tennessee and does not involve any conduct in Franklin County. The court summarily rejected Warsame's argument that Trans Am's motions effectively sought removal to federal court.

{¶ 11} In this appeal, Warsame asserts a single assignment of error: "The Municipal Court erred in denying Plaintiff-Appellant's [Civ.R.] 60(B) motion." (Appellant's Brief at iii.)

## II. ANALYSIS

{¶ 12} Pursuant to Civ.R. 60(B), a court may relieve a party from a final judgment "on motion and upon such terms as are just," for any of the following grounds:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

{¶ 13} Appellate courts apply an abuse of discretion standard when reviewing a decision to grant or deny relief under Civ.R. 60(B). *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, ¶ 21, citing *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 21 (1988). "Abuse of discretion" implies an " 'unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken.' " *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 23.

{¶ 14} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The requirements are independent and conjunctive. *Id.* at 151. The movant's failure to demonstrate any one of those requirements is fatal to the claim for relief. *Millhon v. Millhon*, 10th Dist. No. 89AP-592, 1989 Ohio App. LEXIS 4813, *6 (Dec. 21, 1989), citing *East Ohio Gas Co. v. Walker*, 59 Ohio App.2d 216, 220 (8th Dist.1978).

{¶ 15} It is well-settled that a motion for relief from judgment is not a substitute for appeal, *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 16, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 8-9, and that an appeal from a trial court's order denying relief under Civ.R. 60(B) " ' "does not bring up for review the judgment from which relief is sought," ' " *Suon v. Mong*, 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 16, quoting *Town & Country Drive-In Shopping Ctrs., Inc., v. Abraham*, 46 Ohio App.2d 262, 266 (10th Dist.1975), quoting 7 Moore, *Federal Practice*, Section 60.30 (2d Ed.). Our review is therefore limited to whether the trial court abused its discretion in denying Warsame's motion for relief from judgment.

{¶ 16} Warsame's motions for relief from judgment did not set out a "meritorious claim," and did not claim entitlement to relief under one of the grounds stated in Civ.R. 60(B) in more than the most general and conclusory fashion and did not address their timeliness at all. Nevertheless, in his appellate brief, Warsame argues that he has satisfied

all three of the requirements for relief under Civ.R. 60(B), as stated in *GTE*.  We address each of those requirements in turn.

{¶ 17}  A movant for relief from judgment, pursuant to Civ.R. 60(B), must establish that he "has a meritorious defense or claim to present if relief is granted." *GTE* at paragraph two of the syllabus.  Warsame, however, argues only that he *would have had* a meritorious claim for damages *if* he had filed his complaint "in the correct Court (the U.S. District Court) under Diversity of Citizenship jurisdiction," or *if* the trial court had transferred his case to the district court, in which case the parties "would likely have reached some satisfactory result, through negotiation and mediation."  (Appellant's Brief at 6-7.)  Warsame does not dispute that the municipal court lacked jurisdiction to adjudicate his claim.  It is not enough for Warsame to assert that his claim may have been meritorious if he had filed his claim in a court with jurisdiction to hear the matter.  And his argument that his claims should have been removed to federal court is misplaced because a "state court's possession of personal and subject-matter jurisdiction over the controversy is an essential prerequisite to removal." *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, ¶ 12.  A "federal court cannot acquire, through removal, jurisdiction that the state court never had." *Id*.  Further, Warsame does not explain how federal jurisdiction would exist in light of 28 U.S.C. 1332(a)'s $75,000 amount in controversy requirement, when his complaint sought only property damage and lost work totaling less than $6,000.

{¶ 18}  Warsame could not have established a meritorious claim in the Franklin County Municipal Court because his claim did not fall within that court's statutorily defined subject-matter jurisdiction.  *See Peachock v. Momen*, 8th Dist. No. 87749, 2006-Ohio-6439, ¶ 18 (movant had no meritorious claim against state employee in common pleas court because the court of claims had exclusive jurisdiction to determine whether state employee was entitled to immunity).  Once a court determines that it lacks subject-matter jurisdiction, its only recourse is to dismiss the case.  *See* Civ.R. 12(H)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").  *See also State ex rel. Turner v. Bunting*, 10th Dist. No. 15AP-605, 2016-Ohio-1325 (dismissing habeas corpus petition for lack of territorial jurisdiction and rejecting petitioner's argument that we should transfer the case to the county in which he was confined); *Naylor v. Mt. Sinai Med. Ctr.*, 8th Dist. No. 64340,

1993 Ohio App. LEXIS 6273, *10 (Dec. 30, 1993); *Smith v. Leano*, 9th Dist. No. 91CA005228, 1992 Ohio App. LEXIS 3804, *4 (July 22, 1992).

{¶ 19} Warsame next claims that he established entitlement to relief from the trial court's dismissal on one of the grounds stated in Civ.R. 60(B)(1) through (5). In his April 5, 2023 motion, Warsame generally claimed that he was entitled to relief pursuant Civ.R. 60(B)(5), to "prevent manifest injustice." (Apr. 5, 2023 Mot. for Relief Pursuant to Civ.R. 60(B) at 6.) "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment," but it may not be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983). Civ.R. 60(B)(5) governs "[m]atters of an extraordinary nature," *Cuervo v. Snell*, 131 Ohio App.3d 560, 565 (10th Dist.1998), citing *Whitt v. Bennett*, 82 Ohio App.3d 792, 797 (2d Dist.1992), and the grounds for invoking it should be "substantial," *Muskingum Partners, Ltd. v. Newzane Gas Co.*, 10th Dist. No. 87AP-1196, 1988 Ohio App. LEXIS 2494, *4 (June 23, 1988). In his appellate brief, Warsame additionally claims he is entitled to relief under Civ.R. 60(B)(1), but an appellant may not raise for the first time on appeal new arguments to demonstrate that the trial court abused its discretion in denying a motion for relief from judgment. *Wells Fargo Bank, N.A. v. Bluhm*, 6th Dist. No. E-13-052, 2015-Ohio-921, ¶ 17, citing *J.P. Morgan Chase Bank v. Macejko*, 7th Dist. No. 07-MA-148, 2010-Ohio-3152, ¶ 36-37.

{¶ 20} In the trial court, Warsame blamed his "procedural mistake of filing his claim in the wrong [c]ourt" on his mistaken belief that he could manage a small claims case without hiring a lawyer. (Apr. 5, 2023 Mot. for Relief Pursuant to Civ.R. 60(B) at 6.) In his appellate brief, he again invokes the fact that he initiated this action as a pro se litigant and argues that his lack of legal expertise prevented him from understanding jurisdictional requirements and the procedures that may have permitted transfer of his claim to a court with proper jurisdiction. Neither Warsame's initial status as a pro se litigant nor his professed ignorance of the law establish grounds for relief from judgment under either Civ.R. 60(B)(1) or (5). The same rules apply to both represented and pro se parties, and we have held that "[n]either lack of counsel nor ignorance of the legal system constitutes 'excusable neglect.' " under Civ.R. 60(B)(1). *Katz v. Grossman*, 10th Dist. No. 18AP-503, 2019-Ohio-2582, ¶ 29, citing *Gamble Hartshorn, LLC v. Lee*, 10th Dist. No. 17AP-35, 2018-

Ohio-980, ¶ 26, citing *Dayton Power & Light v. Holdren*, 4th Dist. No. 07CA21, 2008-Ohio-5121, ¶ 12. Nor do they constitute the substantial grounds necessary for invoking Civ.R. 60(B)(5). Moreover, the fact that Warsame retained counsel prior to the trial court's ruling on Trans Am's motion to dismiss renders even more tenuous his reliance on his prior pro se status to demonstrate grounds for relief under Civ.R. 60(B).

{¶ 21} Finally, Warsame argues that he filed his Civ.R. 60(B) motions for relief from judgment within a reasonable time, not more than one year after the trial court's dismissal.[3] We have explained, "Civ.R. 60(B) incorporates a two-part standard regarding the timeliness of a motion for relief from judgment." *GMAC Mtge. v. Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157, ¶ 21. All motions for relief under Civ.R. 60(B) must be filed "within a reasonable time." Civ.R. 60(B). When the movant seeks relief under Civ.R. 60(B)(1), (2) or (3), the movant must *also* seek relief "not more than one year after the judgment." *Id.* The filing of a Civ.R. 60(B) motion within one year of the underlying judgment, however, "does not mean the motion was filed within a reasonable time." *GMAC Mtge.* at ¶ 21, citing *EMC Mtge. Corp. v. Pratt*, 10th Dist. No. 07AP-214, 2007-Ohio-4669, ¶ 8, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 106 (8th Dist.1974). Warsame did not address the question of timeliness in his Civ.R. 60(B) motions, and he offers no explanation here for the one-year delay between the trial court's dismissal of his complaint and the filing of his motion for relief from judgment.

## III. CONCLUSION

{¶ 22} Having determined that Warsame did not establish any of the prerequisites for relief from judgment, pursuant to Civ.R. 60(B), we conclude that the trial court did not abuse its discretion in denying Warsame's motions for relief from judgment. Accordingly, we overrule Warsame's sole assignment of error and affirm the trial court's judgment.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

———————

[3] While Warsame filed his April 4, 2023 motion for relief from judgment exactly one year after the trial court's dismissal of his complaint, his more detailed April 5, 2023 motion was filed more than one year after the underlying judgment.