[Cite as *Fourteen Ventures Group, L.L.C. v. HeatDeathCo, L.L.C.*, 2025-Ohio-5654.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| FOURTEEN VENTURES GROUP LLC | : | |
| | : | C.A. No. 30541 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CV 00866 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| HEATDEATHCO LLC | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 19, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

ADAM J. ARNOLD, Attorney for Appellant
SEAN A. STONE, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant HeatDeathCo LLC ("HeatDeath") appeals from an order of the Montgomery County Common Pleas Court overruling its Civ.R. 60(B) motion for relief from a default judgment. For the following reasons, we affirm the judgment of the trial court.

## I. Course of Proceedings

{¶ 2} On February 14, 2025, Plaintiff-Appellee Fourteen Ventures Group LLC ("Fourteen Ventures") filed a complaint in the Montgomery County Common Pleas Court against HeatDeath. According to the complaint, HeatDeath contacted Fourteen Ventures in 2024 to "perform shirt printing and other display graphic services" for HeatDeath. Fourteen Ventures claimed that although it fully performed its obligations under the contract, HeatDeath failed to pay invoices totaling $17,938.68. Fourteen Ventures alleged claims based on breach of contract, promissory estoppel, quantum meruit, suit on account, and fraud and sought compensatory damages of $17,938.68 relating to the first four counts of its complaint. Regarding its fraud claim, Fourteen Ventures requested "compensatory damages in an amount exceeding $20,000, punitive damages in an amount exceeding $20,000, plus reasonable attorney fees, statutory interest, court costs, and any other costs incurred to prosecute this action." On February 18, 2025, HeatDeath was served with a copy of the complaint.

{¶ 3} On March 19, 2025, the trial court issued an order in which it noted that service had been perfected and HeatDeath was in default for failing to answer or appear. The court

ordered Fourteen Ventures to file default proceedings within fourteen days, or the case would be dismissed, absent cause.

{¶ 4} On March 20, 2025, Fourteen Ventures filed a motion for default judgment, along with an affidavit of the owner of Fourteen Ventures and an affidavit of an attorney. Fourteen Ventures requested $17,938.68 in compensatory damages, $25,000 in punitive damages, and $1,500 in attorney fees. The next day, the trial court entered a default judgment in favor of Fourteen Ventures and awarded the requested damages and attorney fees.

{¶ 5} On March 25, 2025, Brady Szuhaj, the purported owner of HeatDeath, filed an answer on behalf of HeatDeath as its "authorized representative." Szuhaj denied all the allegations in the complaint and raised the following defenses: (1) Fourteen Ventures materially breached the contract; (2) Fourteen Ventures failed to mitigate its damages; (3) Fourteen Ventures was unjustly enriched; (4) HeatDeath was entitled to offset or recoupment; and (5) Fourteen Ventures' claims lacked factual and legal bases.

{¶ 6} On March 25, 2025, Fourteen Ventures filed a motion to strike HeatDeath's answer because Szuhaj was not an attorney licensed to practice law in Ohio. According to Fourteen Ventures, a corporation must be represented by an attorney and could not be represented in court by a non-attorney officer. Therefore, Fourteen Ventures argued that Szuhaj was engaging in the unauthorized practice of law, and the answer should be stricken from the record. On the same day the pro se answer and the motion to strike were filed, the trial court granted the motion to strike.

{¶ 7} On April 16, 2025, HeatDeath, by and through a licensed attorney, filed a combined notice of appearance, motion to set aside default judgment, and motion for leave

3

to file a responsive pleading. Fourteen Ventures filed a memorandum opposing HeatDeath's motions.

{¶ 8} On June 17, 2025, the trial court overruled HeatDeath's motion to set aside the default judgment. HeatDeath filed a timely notice of appeal from the June 17, 2025 order.

## II. Assignments of Error

{¶ 9} HeatDeath raises the following three assignments of error:

THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE DEFENDANT-APPELLANT'S TIMELY PRO SE ANSWER.

THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO SET ASIDE THE JUDGMENT SO THE CASE COULD BE DECIDED ON THE MERITS.

THE DEFENDANT-APPELLANT IS ENTITLED TO RELIEF FROM THE DEFAULT JUDGMENT UNDER RULE 60(B).

{¶ 10} HeatDeath filed its notice of appeal from the trial court's June 17, 2025 order denying HeatDeath's Civ.R. 60(B) motion. But HeatDeath first challenges the trial court's March 21, 2025 order granting a default judgment. HeatDeath argues that the trial court should have considered the answer filed by HeatDeath's representative before entering a default judgment. According to HeatDeath, appellate courts have reversed default judgments where procedural irregularities or legal errors occurred. Appellant's Brief, p. 11. HeatDeath contends that the trial court's "default judgment was inappropriate, especially because [HeatDeath] possesses valid and substantive defenses to the claims brought forth by [Fourteen Ventures]—defenses that are based in good faith and merit full adjudication through the litigation process." *Id.* HeatDeath concedes the pro se answer was a legal

4

nullity but asserts the act of filing the answer showed that HeatDeath was making a good faith effort to comply with the trial court's orders.

{¶ 11} Fourteen Ventures responds that the pro se answer filed by HeatDeath "was improper and a complete legal nullity with no effect on the litigation." Appellee's Brief, p. 7. Fourteen Ventures further argues that the improper answer was filed late. Therefore, Fourteen Ventures contends that the trial court did not err in granting a default judgment.

{¶ 12} There appear to be irregularities relating to the trial court's March 21, 2025 order in which it granted a default judgment in favor of Fourteen Ventures. For example, the trial court awarded punitive damages on what appeared to be a simple contract dispute and awarded attorney fees without holding a hearing to determine whether the fees were reasonable. These irregularities, however, should have been challenged through a direct appeal from the trial court's order granting the default judgment. But HeatDeath did not appeal from the trial court's March 21, 2025 order granting a default judgment. It is well-established that Civ.R. 60(B) relief cannot be used as a substitute for a timely appeal. *Cincinnati Ins. Co. v. Schaub*, 2008-Ohio-4729, ¶ 16 (2d Dist.), citing *Key v. Mitchell*, 81 Ohio St.2d 89, 91 (1998), and *Harris v. Anderson*, 2006-Ohio-1934, ¶ 9. Therefore, any arguments relating to whether the trial court should have granted the default judgment are waived and will not be addressed in this appeal.

{¶ 13} The sole issue before us in this appeal is whether the trial court abused its discretion when it denied HeatDeath's Civ.R. 60(B) motion. *GMAC Mtge., L.L.C. v. Herring*, 2010-Ohio-3650, ¶ 34 (2d Dist.), citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). A trial court abuses its discretion when its decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 14} "Civ.R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done." *Chapman v. Chapman*, 2006-Ohio-2328, ¶ 13 (2d Dist.), citing *Colley v. Bazell*, 64 Ohio St.2d 243 (1980). To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. All these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Schaub* at ¶ 15.

{¶ 15} Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment has been satisfied, released or discharged, or (5) any other reason justifying relief from the judgment. "Where relief is timely sought and the movant demonstrates a meritorious claim or defense, any doubt concerning the sufficiency of the grounds presented should be resolved in the movant's favor." *Warman v. Dunwoodie*, 1996 WL 409215, *2 (2d Dist. June 28, 1996), citing *GTE* at paragraph three of the syllabus.

{¶ 16} In its Civ.R. 60(B) motion, HeatDeath argued that its failure to timely respond to the complaint "was due to the mistake of the Clerk of Court, which falls within the scope of Rule 60(B)." No other grounds were provided to the trial court in support of HeatDeath's requested Civ.R. 60(B) relief. Moreover, HeatDeath did not cite a specific provision of Civ.R. 60(B) but noted in its motion that Civ.R. 60(B) "provides grounds for relief from judgment, including mistake, inadvertence, surprise, or excusable neglect." This language

6

tracks the language in Civ.R. 60(B)(1). The term "mistake" in Civ.R. 60(B)(1) "solely contemplates errors made by the court or its staff, not those made by the parties themselves." *Delong v. South Point Local School Dist. Bd. of Edn.*, 2001 WL 1710400, \*2 (4th Dist. Nov. 20, 2001).

{¶ 17} In its memorandum in support of its Civ.R. 60(B) motion, HeatDeath explained the basis for its motion:

> HEATDEATHCO, LLC has good cause to show that its Answer was timely filed in response to Plaintiff's Complaint, as evidenced by the attached U.S. Mail Certified Mail Receipt dated March 13, 2025 (See Attached Exhibit 1). Defendant's Answer was mailed and received by the Montgomery County Common Pleas Court Clerk of Court on March 13, 2025, the due date of said pleading was not until March 19, 2025. For reasons unknown to the Defendant, the Clerk of Court failed to properly file said Answer until March 25, 2025.

{¶ 18} Fourteen Ventures filed a memorandum in opposition to HeatDeath's motion in which it provided evidence that the clerk of courts did not receive the pro se answer until March 21, 2025. Fourteen Ventures also highlighted the fact that the pro se answer subsequently was stricken from the record as a legal nullity. Therefore, Fourteen Ventures argued that any alleged mistake by the clerk in not file-stamping the pro se answer until March 25, 2025, had no effect on the outcome of the litigation.

{¶ 19} It is axiomatic that to obtain Civ.R. 60(B) relief, the mistake or excusable neglect relied on in the Civ.R. 60(B) motion must have been a direct cause of the judgment from which relief is sought. It is undisputed in this appeal that any mistake the clerk may have made by not file-stamping the answer on March 21, 2025, rather than March 25, 2025,

7

did not cause the entry of the default judgment. This is confirmed by the trial court's subsequent decision to strike the pro se answer as a legal nullity, which HeatDeath concedes was a correct decision. *See Smith v. Mighty Distributing of S.W., PA, Inc.*, 2005-Ohio-1689, ¶ 10 (11th Dist.) ("As a result, any filing by a non-attorney on a corporation's behalf is a nullity and may be stricken from the record."). Therefore, we cannot conclude that the trial court abused its discretion when it denied HeatDeath's Civ.R. 60(B) motion.

{¶ 20} HeatDeath raises additional arguments in its appellate brief that it did not raise in its Civ.R. 60(B) motion. HeatDeath argues that the trial court's "interest in the finality of judgments must be balanced against the more compelling principle of rendering justice on the merits." Appellant's Brief, p. 11. According to HeatDeath, "[w]here a party has shown a willingness to engage in the legal process and raises legitimate issues warranting judicial consideration, justice demands that the case be reopened and heard fully rather than disposed of through procedural technicality." *Id.* HeatDeath further contends that "[t]he errors and omissions that contributed to the failure to respond or appear were honest mistakes, arising from understandable confusion or procedural missteps – mistakes that do not warrant the harsh consequence of a judgment by default." *Id.* at 13. Therefore, HeatDeath concludes that "the interests of justice support vacating the default judgment and allowing the case to be resolved on its merits." *Id.*

{¶ 21} We construe HeatDeath's additional appellate arguments as an attempt to seek relief under Civ.R. 60(B)(1) for "excusable neglect" resulting from its failure to timely hire an attorney to file its answer. However, "an appellant may not raise for the first time on appeal new arguments to demonstrate that the trial court abused its discretion in denying a motion for relief from judgment." *Warsame v. Trans Am Trucking Inc.*, 2024-Ohio-1020, ¶ 19 (10th Dist.), citing *Wells Fargo Bank, N.A. v. Bluhm*, 2015-Ohio-921, ¶ 17 (6th Dist.).

8

"Indeed, we cannot find that the trial court abused its discretion in denying Civ.R. 60(B) relief based upon arguments that were never presented to it." *Brewer v. Brewer*, 2010-Ohio-1319, ¶ 24 (10th Dist.).

**{¶ 22}** The assignments of error are overruled.

### III.    Conclusion

**{¶ 23}** Having overruled the assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.